## STATE *v.* ROBINSON.

Decided February 13, 1892.

1.  *Assault with intent to kill—Indictment.*

    An indictment for assault with intent to kill is sufficient which, after alleging the assault to have been made " wilfully, feloniously, and with malice aforethought " charged that it was made " with intent then and there to kill and murder," without alleging that the intent was felonious, etc. *Milan* v. *State,* 24 Ark., 346, overruled.

2.  *Appeal in felony case—Interlocutory judgment.*

    An appeal lies in behalf of the State in a felony case from a judgment sustaining a motion in arrest of a judgment of conviction.

ERROR to *Van Buren* Circuit Court.

ROBERT J. LEA, Judge.

Webster Robinson was convicted of an assault with intent to kill under an indictment which charged as follows: " The said Webster Robinson, in the county and State aforesaid, on the 17th day of April, A. D., 1891 unlawfully, feloniously, and with malice aforethought, did make an assault upon one David Bradford with a deadly weapon, to wit: a gun, by then and there shooting him, the said David Bradford, with a gun then and there loaded with gunpowder and leaden balls and shot, and then and there had and held in the hands of him, the said Webster Robinson, with intent then and there to kill and murder him, the said David Bradford, against the peace and dignity of the State of Arkansas." ·

He moved the court to arrest the judgment because the facts stated in the indictment did not constitute a public offense. The court sustained the motion upon the ground mentioned, quashed the indictment and ordered the case to be referred to the grand jury for further action. To the ruling of the court in sustaining the motion in arrest of judgment and in quashing the indictment, the State excepted and has procured a writ of error.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellart.

*Milan* v. *State*, 24 Ark., 346, has been overruled by 54 Ark., 489. When the indictment charges the assault to have been done wilfully, feloniously and of malice afore-thought, the omission of those descriptive words in charg-ing the *intent* is not fatal.

COCKRILL, C. J. The indictment is good under the decis-ions of *Dilling* v. *State** and *Felker* v. *State*, 54 Ark., 492-3. *Robinson* v. *State*, 5 Ark., 659.

The cause will be remanded with instructions to sentence the prisoner.

It is so ordered.

---

*An oral and unreported decision.—[REP.