STATE v. WALKER.

Opinion delivered March 13, 1916.

CRIMINAL LAW—APPEALS BY STATE—FELONIES—ORDER OF LOWER COURT.—
The State can not appeal from a judgment granting a defendant a new trial in a prosecution for a felony.

Appeal from Prairie Circuit Court; *Thos. C. Trimble,* Judge; appeal dismissed.

### STATEMENT BY THE COURT.

This appeal is prosecuted by the State from a judgment of the lower court granting appellee a new trial. He was cashier of the Bank of Hazen and indicted and convicted of making false entries on its books of account with the felonious intent to defraud the bank. He moved for a new trial setting up various alleged errors committed in the trial as grounds therefor, including the one that Claud Grant, one of the jurors, was a member of the grand jury which indicted him for embezzlement of $4,000 of the funds of the Bank of Hazen, at the March 1914, term of the circuit court.

Affidavits were submitted in support of the motion, and the court in rendering its opinion indicating its consideration of the testimony and its effect, appeared to think it was a close question of whether the evidence was sufficient to submit to the jury and concluded saying ''any preconceived opinion as to the defendant's guilt on the part of a juryman, especially an opinion officially expressed must be taken as having been the cause of the doubtful verdict'' and granted the motion for a new trial.

It appears from the affidavits that Claud Grant, one of the jurors, was a member of the grand jury of the March term, 1914, which returned indictments against appellee Walker for embezzlement of certain sums of money from the Bank of Hazen. Some of the witnesses stated the substance of the testimony that was before the grand jury, including statements relative to false entries in the bank books made by the cashier, at the time of such indictments and that W. D. White one of the grand jurors, requested, at the time Walker was indicted for embezzlement, that he should not be indicted for making false entries in the books as it might affect the interest of the bank, saying he could later be indicted therefor.

Albert Youngman stated he was a member of the petit jury which convicted the defendant and that Claud Grant was a member of said jury and "showed by his acts, conduct and words that he was very much prejudiced against defendant; that one of the jurors suggested that they should have further instructions from the court as to the meaning of the false intent and that Grant objected to asking such instructions."

Certain other affiants stated that they testified before the grand jury when the indictment for embezzlement was found and made no statement whatever about false entries in the books and that same were not detected until after the indictment for embezzlement had been returned.

Other affiants, members of the petit jury, stated that Claud Grant did not do or say anything in the consideration of the case to indicate that he was prejudiced in any way against the defendant and denied that he had objected to the jury asking further instructions of the court. Grant himself testified that he had no recollection whatever of any testimony before the grand jury of which he was a member in March, 1914, that indicted Walker for embezzlement, relating to any false entries in the books of the bank, that it did not occur to him when he qualified as a juror in this case that he had been on any grand jury which indicted the defendant "nor did it occur to me after the evidence was all in that I had ever heard any testimony which in any way pertained to false entries in the books of the Bank of Hazen, by Walker," that when selected as a juror he had no acquaintance with Walker, had never seen him until that term of the court, had no prejudice against him or feeling of any kind in the matter; had never formed or expressed an opinion and could not see how his conduct on the jury would indicate he was prejudiced. "I did and said nothing that could have been prejudicial." He remembered the discussion upon the suggestion that the jury ask the court for further instructions, but took no part in it, and said that the juror who made the suggestion, when an-

other juror explained what the court meant, seemed satisfied.

The judgment granting a new trial does not indicate upon which ground the motion was sustained.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant; *J. B. Reed,* Prosecuting Attorney, for appellant; *Manning, Emerson & Morris,* of counsel.

1. Argue the merits of the cause which are not passed upon in the opinion rendered by the court. Also contend that it is too late, after verdict, to except to the qualifications of a juror. 23 Ark. 51; 40 *Id.* 511, 515; 51 *Id.* 126; 104 *Id.* 606; 35 *Id.* 109-13; Kirby's Dig., § 4494; 56 Ark. 515-20, etc.; 12 Cyc. 714.

2. The question of Grant's competency as a juror, was a question of law and not of fact, about which the court could exercise its discretion in the matter of granting a new trial. 12 Cyc. 702-3.

3. The State can appeal from any decision of a trial court in a felony case, and certainly from the decision on a motion for a new trial. Kirby's Digest, § § 1188, 2584, 1238; 55 Ark. 439; Kirby's Digest, § 2603; 34 Ark. 632, 636.

*Trimble & Williams* and *Blackwood & Newman,* for appellee.

1. The question whether the new trial was properly granted can not be considered by this court. No appeal can be taken by the State from an order granting a defendant a new trial in a felony case. Kirby's Digest, § § 2603, 2607, 6215, 2584, 2422, 2424; 94 Ark. 368; 34 *Id.* 637; 47 *Id.* 562, 567; 98 *Id.* 304; 98 *Id.* 336, 304; 100 *Id.* 596; 84 S. W. 319; 89 Ky. 305; 12 S. W. 550; 34 Ark. 376. This last case has been followed without question until questioned by this appeal.

2. The motion for new trial was properly sustained and had Grant's incompetency been the only ground upon which the order was made it was sufficient. Kirby's Dig., § 2363; 115 Ark. 305.

3. Argue the merits of the cause which the court does not decide.

KIRBY, J., (after stating the facts). It is contended that the State is without authority to appeal from a judgment granting a motion for a new trial in a felony case.

The Constitution provides: "The Supreme Court, except in cases otherwise provided by this Constitution shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions as may from time to time be prescribed by law," etc. Art. 7, section 4, Constitution 1874.

"An appeal shall only be taken on a final judgment, except on behalf of the State." Section 2584, Kirby's Digest.

When the State desires an appeal, the prosecuting attorney prays it and a transcript of the record is made and transmitted to the Attorney General, and, "If the Attorney General, on inspecting the record, is satisfied that error has been committed to the prejudice of the State, and upon which it is important, to the correct and uniform administration of the criminal law, that the Supreme Court should decide, he may, by lodging the transcript in the clerk's office of the Supreme Court within sixty days after the decision, take the appeal." Section 2603, Kirby's Digest.

In *State* v. *Flynn*, 31 Ark. 35, where the State appealed from an order granting defendant a change of venue from Garland to Pulaski County, the court said: "Whilst we would not encourage or suppose that the Legislature intended to provide for appeals by the State, in felonies, from every interlocutory decision of the court, yet it was well enough for the Attorney General to allow the appeal in this case, before final judgment, for if the court had proceeded to try the prisoner, the verdict and judgment would have been invalid if it turned out on appeal that the court had no jurisdiction of the cause."

In *State* v. *Ross*, 34 Ark. 376, the State appealed from an order granting the defendant a new trial upon the ground that there was no authority under the law for

holding the term of the circuit court of Pike County at which the defendant was convicted and although this court held that the trial court was in error in its rulings, declined to remand the cause with instructions to sentence the defendant and dismissed the appeal as not authorized by law.

The case of *State* v. *Robinson*, 55 Ark. 439, is not an authority, as contended by appellant, in favor of the proposition that the State can appeal from a judgment granting the defendant a new trial in a felony case. It questioned only the court's ruling on the sufficiency of the indictment to charge a public offense and belongs in the classification of appeals allowed as necessary for the correction of errors in order to the correct and uniform administration of the criminal law.

It was evidently the purpose in excepting the State from the terms of the statute providing an appeal shall only be taken on a final judgment in prosecutions for felonies, to permit appeals from such interlocutory rulings and decisions as might affect the jurisdiction of the cause or as would be necessary for the correction of errors in order to the correct and uniform administration of the criminal law, and from the statutes and authorities quoted, it is apparent that it was not intended to permit appeals by the State from judgments granting new trials to defendants to review such decisions or control the discretion of the circuit court in the granting of new trials in prosecutions for felonies.

The appeal not being from a final judgment nor one from which the State can take an appeal, it must be dismissed and the trial court will proceed with the cause. It is so ordered.