ARKANSAS MACHINE & BOILER WORKS *v.* MOORHEAD.

Opinion delivered October 21, 1918.

DAMAGES—NEGLIGENT PERFORMANCE OF WORK.—One holding himself out as a machinist and accepting employment to repair a steam engine is presumed to know the nature and the character of the work he is about to do and the results likely to follow a negligent performance of his work, and is therefore liable for the damage proximately resulting from a negligent and unskilful performance of the work.

Appeal from Arkansas Circuit Court, Northern District; *Thos. C. Trimble,* Judge; affirmed.

*Young & Wilson,* for appellant.

1. Instructions must embrace all the facts and conditions essential to a proper verdict. 63 N. E. 1008. An instruction which ignores a material issue about which the evidence is conflicting is misleading. 93 Ark. 573; 55 *Id.* 395; 155 S. W. 885. It must be complete and correct. 95 N. E. 328.

2. To render one liable for damages for breach of a contract which arise from special circumstances, and are so large as to be out of proportion to the consideration agreed upon, it must appear not only that he knew of such special circumstances, but tacitly consented to assume the particular risks arising therefrom. 72 Ark. 275; 115 *Id.* 142. The measure of damages is the difference between the value of the property in its defective condition and its value had it been completed ac-

cording to contract. 13 Cyc. 158; 14 S. W. 1018; 22 N. E. 113; 23 *Id.* 311.

3. There was error in the instructions. Cases *supra*. There is no proof of negligence and an erroneous measure of damages was given by the court to the jury.

*E. W. Moorhead* and *J. E. Ray,* for appellee.

There is no error in the instructions. The correct rule for the measure of damages was laid down and the verdict is amply supported by the evidence. There is no error. 15 Ark. 452; 2 Elliott on Cont., § 1364; 3 *Id.,* § 2147; 15 Am. Dig. (Cent. ed.) 2068, § 324; 22 N. E. 113.

SMITH, J. This action was instituted to recover the damage suffered by appellee through the negligence of an employee of appellant in making certain repairs on an engine, as a result of which negligence the engine blew up and wrecked itself. The negligence complained of "consisted in defendant failing to drill a sufficient number of holes of a sufficient depth and in not putting in a sufficient number of cap screws and in not putting in properly the cap screws that were put in to hold the broken piece in place, in that the hole was not drilled into the broken piece as it should have been, but was only made like a shallow dent, against which the cap screw was placed, but which allowed the broken piece to slip upward, thereby causing the flywheel shaft to jump out of the bearing boxing and destroying the engine almost completely."

The engine was in use by appellee in pumping water for the cultivation of a rice crop, and there was a prayer for the damage to the engine and damage to the rice crop occasioned by the delay in securing a new engine. The court below eliminated any question of damage to the crop and submitted only the question of damage to the engine. There was a verdict for $150, and a judgment accordingly, and we have before us on this appeal only the correctness of this judgment.

As grounds for reversal, it is insisted that there was no proof of negligence, and that an erroneous measure of damages was given in an instruction on that subject. An instruction given at the request of appellant told the jury "that the plaintiff must show by a preponderance of the evidence that the damage was caused by the negligent work of defendant or its employees, and that said breach or damage was the direct result of the negligence on the part of said defendant or its employees."

Abner Underwood, the engineer who operated the engine, testified that he was present when the agreement between appellee and appellant's representative was made for the repair of the engine, and that the repairs were not made as agreed upon. The testimony is not undisputed either as to the omission or as to the result of this omission, but these conflicts have been resolved against the contention of appellant, and the testimony of Underwood as to the cause of the injury is sufficient to support the verdict.

On the question of the measure of damages, the court told the jury that if appellant undertook to repair the engine, and "if there was no agreement to fix it any certain way," there was an implied agreement that the work should be done in a skillful and workmanlike manner, and that if the repairs were made in an unskillful, careless and faulty way, and said negligence was the cause of the explosion, the plaintiff would be entitled to recover the damage to the engine. It was shown in the testimony that appellant made a charge of one dollar per hour for the labor of its machinist, and that a total charge of eleven dollars was made.

It is insisted that as the measure of damage the jury should have been told that when work is improperly done the measure of damage is the difference in its value, as done, and what its value would have been if it had been properly done, and it is also insisted that to render one

liable for damages for the breach of a contract which arises from special circumstances and are so large as to be out of proportion to the consideration agreed upon, it must appear not only that he knew of such special circumstances, but also that he at least tacitly consented to assume the risk arising therefrom. In support of this contention, appellant cites the opinion of this court in the case of *Wells-Fargo & Co. Express* v. *Baker Lumber Co.*, 115 Ark. 142. In that case, special damages were asked against a common carrier for delay in the delivery of a part of the machinery of a saw mill, occasioned to timber, due to the inability of the plaintiff to saw the same, and this court held that such damages could not be recovered without an allegation and proof that the carrier had special notice of such damages at the time of the shipment. And it is argued here that the testimony should have shown that appellant was advised that it would be charged with responsibility for the explosion of the engine, so that a charge could have been made proportionate to that responsibility. But we think the doctrine of the case cited is not applicable here. One holding himself out as a machinist and accepting employment to repair a steam engine is presumed to know the character of the work he is about to do and the results likely to follow a negligent performance of his work, and is therefore liable for the damage proximately resulting from a negligent and unskillful performance of his work. *Gibson, Lee & Co.* v. *Carlin,* 13 Lea (Tenn.), 440; *Livermore Foundry & Mch. Co.* v. *Union Com. & Storage Co.,* 105 Tenn. 187, 53 L. R. A. 482; Sutherland on Damages, sec. 702.

The instructions as a whole correctly submitted the case to the jury, and we think the testimony was legally sufficient to warrant the jury in finding that the damage to the engine was such a proximate result of its negligent repairs as to be within the contemplation of the machinist, as a probable result of his negligence, and the judgment of the court below is therefore affirmed.