STATE *v*. TAYLOR.

Opinion delivered December 9, 1929.

*Hal L. Norwood,* Attorney General, and *Guy E. Williams,* Prosecuting Attorney, for appellant.

HART, C. J. Charley Taylor was indicted for the crime of murder in the second degree, charged to have been committed by killing George Lewis by striking him with a blunt instrument. According to the testimony of the two principal witnesses for the State, Charley Taylor struck George Lewis over the head with a pistol, in Lonoke County, Arkansas, and knocked him down and killed him. They were at a dance, and George Lewis was standing near the fire-place. Charley Taylor was standing near him, and the witnesses saw him hit Lewis over the head with a pistol, which he was holding by the barrel. George Lewis had not said anything to Charley Taylor at all, and there was no provocation for the killing. On cross-examination the witnesses admitted that they had testified differently, but stated they did not tell the truth at the coroner's inquest. Both of them admitted that the

testimony given by them at the coroner's inquest was false, but stated that the testimony that they were giving at the trial was true.

At the conclusion of the testimony for the State, the court instructed the jury as follows:

"The two negroes that testified at the coroner's inquest swore on the witness stand here that they swore falsely at the inquest. I don't believe you gentlemen of the jury believe their testimony. I don't believe it, and I don't believe you do. The mother of the dead boy testified that she was an eye-witness to the killing, and she testified that she didn't see the death blow, nor she didn't know who struck the death blow. I will instruct you to return a verdict in favor of the defendant."

The jury returned a verdict of not guilty, as directed by the court, and an order was entered of record discharging the defendant from custody.

Under the evidence adduced by the State, if believed by the jury, the defendant was at least guilty of manslaughter, which is a felony, and is punishable by imprisonment in the State Penitentiary. Under article 2, § 8, of the Constitution, which provides that no person for the same offense shall be twice put in jeopardy of life or liberty, the judgment discharging the defendant operated as a bar to a future prosecution, and cannot be reversed by this court.

This appeal has been taken under the provisions of §§ 3410 and 3411 of Crawford & Moses' Digest, which provide that the Attorney General may appeal, if satisfied from an inspection of the record that error has been committed to the prejudice of the State, and upon which it is important to the courts and for the uniform administration of the criminal law that the Supreme Court should decide. This court has held that the object of this provision of the statute is to obtain the decision of the court upon questions of the criminal law, so that it may serve to secure the correct and uniform administration thereof. So it has been held that the question of the legal suffi-

ciency of the evidence in a given case constitutes a question of law for the decision of the court, and it cannot become a precedent for application in another case because of the varying state of facts in different cases, and is not important in the uniform administration of the criminal law. The reason is that it is hardly probable that the testimony that is adduced in any two cases will be so much alike that a decision upon the facts in one case would serve as an authority in the other. *State* v. *Smith,* 94 Ark. 368, 126 S. W. 1057; *State* v. *Speer and Boyce,* 123 Ark. 449, 185 S. W. 788; and *State* v. *Gray,* 160 Ark. 580, 255 S. W. 304.

No such question is presented here, however. There can be no doubt but that the evidence adduced in favor of the State would be legally sufficient to warrant at least a verdict of manslaughter in any homicide case. The question presented for review in the case at bar is whether or not the circuit court has the power to direct a verdict of acquittal, not because the judge thinks the evidence is not legally sufficient to warrant a conviction, but because he believes the testimony of the witnesses is false, and that the jury should not give any credence to it.

This he has no right to do. Article 7, § 23, of our Constitution prohibits judges from charging juries with regard to matters of fact, and he has no power to express to the jury any opinion whatever as to the innocence of the defendant, where the evidence adduced in favor of the State would warrant a conviction if believed by the jury. The reason is that, under our Constitution, it is within the peculiar province of the jury to determine the facts, and the court shall only declare the law applicable to the facts.

In *State* v. *Wardlaw,* 43 Ark. 73, the court held that the circuit court committed error in advising the attorney for the State, in the presence of the jury, to drop the prosecution for want of evidence. The reason was that the provision of the Constitution just referred to forbids judges to charge juries with regard to matters of fact.

It is true that was a misdemeanor case, but the principle would apply equally as well in a felony case.

The defendant is not without remedy where the jury finds against him contrary to the evidence. Under § 3219 of Crawford & Moses' Digest, which is a part of the Code of Criminal Procedure, when a verdict is entered against a defendant by which his substantial rights have been prejudiced, it is made the duty of the trial court to grant him a new trial. One of the grounds provided in the statute is where the verdict is against the evidence.

In *State* v. *Young,* 119 Mo. 495, 24 S. W. 1038, the Supreme Court of Missouri, construing a similar provision of the statutes of that State, said that the statute made it the duty of the circuit court to grant a new trial to the defendant if, in the opinion of the trial judge, the verdict was against the evidence, and that the practice was as old as the common law itself. In that case the court pointed out that the appellate court had no power to grant a new trial, in opposition to the opinion of the trial court, on the ground that the verdict was against the evidence, when there was evidence from which the jury might have found the defendant guilty. That rule is founded upon the consideration that the circuit court judge saw the witnesses, observed their character, capacity and demeanor, and has found the correctness of their verdict by overruling a motion for a new trial.

This court has held that it is within the discretion of the circuit court to grant a new trial in a felony case. *State* v. *Walker,* 122 Ark. 574, 184 S. W. 38. Hence the circuit court erred in acting in the matter in advance of the verdict of the jury. He had no right to assume that the jury would return a verdict of guilty where the testimony of the witnesses was not worthy of belief. It was within the peculiar province of the jury to judge of the credibility of the witnesses. It will also be within the province of the court to grant a new trial, upon the motion of the defendant, if, in its opinion, the verdict was against the evidence. This course is necessary for or-

derly procedure in the administration of justice. Neither the court nor the jury has the right to assume in advance that the other will not properly discharge its duty.

We can only declare that the circuit court erred in its ruling, as above stated. The acquittal of the defendant in this case operates as a bar to his further prosecution for the same offense, and therefore the judgment cannot be reversed.