STATE of Arkansas *v.* Glenda LONG and Willard
Kelley

CR 92-481 844 S.W.2d 302

Supreme Court of Arkansas
Opinion delivered December 7, 1992

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

No response.

DONALD L. CORBIN, Justice. Appellees, Glenda Long and Willard Kelley, were both charged by felony information with the capital murder of Willard Kelley's wife, Shirley Kelley. Willard Kelley was also charged by felony information with hindering the apprehension of evidence in his wife's murder. Both appellees were tried together by a jury. The case never reached the jury, however, because the trial court directed verdicts for appellees on all charges at the close of the state's evidence. The state has filed this appeal.

The threshold issue in this case is whether the state is permitted to appeal from the trial court's order directing verdicts for appellees. Resolution of this preliminary issue requires our construction of Ark. Sup. Ct. R. 36.10; our jurisdiction is therefore pursuant to Ark. Sup. Ct. R. 29(1)(c).

Our law is well settled that the state is not allowed to

appeal from a directed verdict acquitting the defendant when the sole issue is the sufficiency of the evidence of the defendant's guilt. *State* v. *Dixon*, 209 Ark. 155, 189 S.W.2d 787 (1945). The reasoning behind this rule is stated as follows:

> The question of the legal sufficiency of the evidence in a given case constitutes a question of law for the decision of the court, but it cannot become a precedent for application in another case because of the varying state of facts in different cases, and therefore the decision of that question, even though it be one of law, is not important in the "uniform administration of the criminal law."

*Dixon* at 158, 189 S.W.2d at 789.

Notwithstanding the foregoing rule as stated in *Dixon*, the state claims it should be permitted to appeal in this felony case because it has examined the transcript and determined the state was prejudiced by the trial court's commission of an error, the correction of which is essential to the uniform administration of the criminal laws of this state. Ark. R. Crim. P. 36.10(c). The asserted error the state claims requires correction is that, when deciding appellees' motions for directed verdicts due to insufficient evidence, the trial court erroneously weighed the *credibility* of the evidence rather than deciding the motions strictly on the *sufficiency* of the evidence.

In an effort to distinguish between the concepts of "sufficiency of the evidence" and "credibility of the evidence," we repeat the following analysis used by the United States Supreme Court when presented with a different, yet somewhat similar issue:

> [A] conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. A reversal based on the weight of the evidence, on the other hand, draws the appellate court into questions of credibility. The "weight of the evidence" refers to "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other."

*Tibbs* v. *Florida*, 457 U.S. 31, 37-38 (1982) (quoting *Tibbs* v. *State*, 397 So. 2d 1120 (1981)).

This court has previously held it was error for a trial court to direct a verdict for a defendant on the basis that the state's evidence was not believable. *State* v. *Taylor*, 180 Ark. 588, 22 S.W.2d 34 (1929). The state was permitted to appeal in *Taylor* because, similarly to the present case, the asserted error did not involve a question of the sufficiency of the evidence; rather, it involved a question of the credibility of the evidence. The *Taylor* court permitted the state to appeal reasoning that "[i]t was within the peculiar province of the jury to judge the credibility of the witness. It will also be within the province of the court to grant a new trial, upon motion of the defendant, if, in its opinion, the verdict was against the evidence." *Id*. at 591, 22 S.W.2d at 35. Therefore, we agree that when a trial court exceeds its duty to determine the sufficiency of the evidence by judging the credibility of the evidence, it commits an error that requires correction. Consistently with Ark. R. Crim. P. 36.10(c) and *Taylor*, we hold the state is entitled to an appeal in this case.

In the order entered in the present case, the trial court carefully recited the evidence presented by the state and then made conclusory comments. Based on several of those conclusory comments, we conclude the trial court erroneously weighed the credibility of the evidence instead of determining the sufficiency of the evidence. We discuss separately the recited evidence and some of the conclusory comments.

Dr. Fahmy Malak performed the autopsy on Shirley Kelley and determined her cause of death to be multiple crushing blunt trauma to the body, including the upper and lower extremities, the torso, head and neck. Dr. Malak explained he believed that while Mrs. Kelley was alive and standing, she was struck by a vehicle from the rear. Donald E. Smith, of the trace evidence section of the State Crime Laboratory, testified that hairs from the victim's head were found on two automobiles. Other evidence showed that one automobile belonged to appellee Long and that the other automobile was not connected to either appellee in any way. The trial court observed the state's theory that the jury could determine all, some, or none of Smith's findings to be accuraté. However, the trial court stated it "could accept that the jury could believe all or none of Smith's testimony, but there should be a

reasonable, non-speculative basis in the record upon which a jury could believe he is correct on the hair on one vehicle and incorrect on the hair on the other. The court can find no reasonable, nonspeculative basis in this record for such distinction."

On appeal, the state argues that it was not for the trial court to decide which part of Smith's testimony the jury would find credible. We agree with this contention, for it is well established that the jury has the right to believe all or any part of a witness' testimony. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). The foregoing is but one example of situations where the trial court erroneously invaded areas within the province of the jury.

Another example of such invasion is seen in the part of the order where the trial court points out numerous inconsistencies in various witnesses' testimonies and then concludes that the jury would have to engage in too much speculation and conjecture to find appellees guilty of the crimes charged. While it is true that a verdict cannot be supported by evidence requiring the jury's speculation of a defendant's guilt, it is also true that variances and discrepancies in the proof go to the weight or credibility of the evidence and are therefore matters for the factfinder to resolve. *Jones* v. *State*, 305 Ark. 95, 805 S.W.2d 642 (1991). Thus, when there is evidence of a defendant's guilt, even if that evidence is conflicting as it was in the present case, it is for the jury as factfinder to resolve the conflicts and inconsistencies and not for the court to resolve on a directed verdict motion.

Yet another example of the trial court's invasion of the jury's province remains to be illustrated. The trial court stated in its order that it was concerned about the importance of the requirement that circumstantial evidence be "inconsistent with any other reasonable conclusion but the guilt of the defendants." It is true that when circumstantial evidence alone is relied on as substantial evidence to support a verdict, that circumstantial evidence must indicate the accused's guilt and exclude every other reasonable hypothesis. *Black* v. *State*, 306 Ark. 394, 814 S.W.2d 905 (1991). However, the question of whether the circumstantial evidence excludes every other reasonable hypothesis is for the factfinder to determine *Id.*; *Boone* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984). Thus, while the trial court's concern

was warranted, the analyzation of the circumstantial evidence should have been left to the jury as the factfinder in the case.

The foregoing review of the trial court's order convinces us that when considering appellees' motions for directed verdicts due to insufficient evidence, the court went beyond its duty to determine the sufficiency of the evidence and erroneously engaged in a weighing of the credibility of the evidence. We can do no more than declare the error of the trial court. We cannot reverse the judgment because, as the state acknowledged at the beginning of its brief, due to the trial court's directing verdicts favorable to appellees, appellees' double jeopardy rights prevent the state from retrying them on the same charges. *Smalis* v. *Pennsylvania*, 476 U.S. 140 (1986); *Brooks* v. *State*, 308 Ark. 660, 827 S.W.2d 119 (1992); *State* v. *Taylor*, 180 Ark. 588, 22 S.W.2d 34 (1929).

Error declared.