2010 Ark. App. 207
**Don GRAY, Appellant**

v.

**Bob MORELAND and Moreland Aviation Enterprises, Inc., Appellees.**

**No. CA 09–452.**

Court of Appeals of Arkansas.

March 3, 2010.

---

James Robert Filyaw, Fort Smith, for Appellant.

ROBERT J. GLADWIN, Judge.

Appellant Don Gray appeals the October 6, 2008 judgment entered against him in Franklin County as a result of a jury's verdict in favor of appellees Bob Moreland and Moreland Aviation Enterprises, Inc. (Moreland). Gray had sued Moreland for breach of contract, alleging that he failed to pay Gray for painting and refinishing Moreland's airplane. Moreland counterclaimed for damages, alleging breach of contract and breach of the implied warranty of merchantability or of fitness for a particular purpose.[1] After the jury's ver-

---

1. Moreland also counterclaimed against Gray's father, Bill Gray, claiming negligence in the engine work he had performed on Moreland's airplane. The jury found that Bill

dict in favor of Moreland, Gray filed a motion for new trial, which was denied.[2] On appeal, Gray contends that the trial court erred in denying his motion for new trial because the jury's verdict in favor of Moreland was unsupported by any evidence as to the value of Moreland's airplane—neither after it was repainted by Gray, nor after Gray's job was redone. We affirm.

## Facts

On June 7, 2006, the parties entered into an agreement by which Gray would repaint Moreland's airplane for the sum of $9,470. Moreland paid a $3,000 deposit and left the airplane at Gray's shop in Ozark, Arkansas. Moreland, who lives in Illinois, testified that he had a difficult time communicating with Gray by telephone, and usually talked with Gray's secretary. He claimed that he arranged to pick up his airplane on July 25, 2006, at 8:00 a.m. He chartered an airplane to Ozark, but claimed that when he arrived at 8:00 a.m., no one was there.

He testified that around 9:00 or 9:30 a.m., Gray's father arrived. When Moreland was shown the airplane, he pointed out defects to Gray's father, who called the paint shop. Moreland claimed that the defects included discolored paint, drips, runs, and inappropriate fasteners on the cowl. He also claimed that when they tried to run the airplane, it would not run well, so they spent the afternoon cleaning the plugs. While he and Gray's father worked on the engine, the paint job was being touched up. He also testified that he reviewed the logbooks, which had been signed off by Gray and his father, which

meant that the work on the airplane was completed.

Moreland testified that, after they got the plane running, it was his intention to test the airplane and land again. However, he said that he made the decision after he got in the air to go home because of the long day and his disappointment over the airplane. After arriving home, he sent Gray an e-mail explaining that he was going to have the work Gray had done evaluated. Moreland contended that the results of the evaluation indicated that the airplane had to be stripped and re-done. Gray responded that he would sue Moreland. Moreland claimed that he then wrote Gray a letter offering Gray the opportunity to redo the paint job. When Gray refused, he took the airplane to get it repainted by Sky Harbour Aircraft in Goldenberg, Ontario. He paid $25,000 for the new paint job, and claimed that a regular paint job would have been $12,000 to $13,000, and the balance was for repairing the damage done by Gray. He then stated that the "value of the damage is approaching $7,000."

Gray testified that Moreland's airplane was in bad shape when he got it in June 2006. He said that Moreland called him two or three times a day, so he had his secretary talk with Moreland. He said that he did not know Moreland was scheduled to pick up the airplane on July 25, 2006, and that the airplane had not yet been finished. Gray explained in detail the process he goes through in refinishing an airplane, and said that he had not had time to complete this process when Moreland arrived to pick up his plane. He said that when Moreland took off to test the

Gray was not liable for any damages, and this finding is not on appeal.

**2.** Although Gray's appellate brief indicates that the trial court denied the motion for new

trial, there is no transcript of any hearing or order associated with the motion. Thus, we are left to conclude that the motion for new trial was deemed denied, as the trial court did not rule.

airplane, he climbed too fast and too steeply for safety, and he became concerned. Gray asked his father to raise Moreland on the radio, and when that did not work, he called flight services in Little Rock and asked if they had an emergency locator or a beacon going off. They told him no and confirmed that Moreland had touched down in Byron, Illinois.

Gray also testified that he did not sign off on the logbook. He claimed that he filled out a form for his secretary to follow, and Moreland got the form from his secretary and placed it in the logbook. He denied ever giving Moreland the logbook entry because he does not give them to customers until he is paid.

The jury returned with a verdict denying Gray's claim and granting Moreland's counterclaim in the amount of $9,385. The trial court granted Moreland attorney's fees in the amount of $12,420.14. Gray moved for a new trial on the grounds that the evidence did not support the jury verdict, and the trial court denied the motion. This appeal timely followed.

### Standard of Review

When a motion for new trial is made on the ground that the verdict was clearly against the preponderance of the evidence, then the standard of review is whether substantial evidence supports the verdict. *Machost v. Simkins*, 86 Ark.App. 47, 158 S.W.3d 726 (2004) (citing *Depew v. Jackson*, 330 Ark. 733, 957 S.W.2d 177 (1997)). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or another, beyond mere speculation or conjecture. *Id.* "The verdict is given the benefit of all reasonable inferences permissible in accordance with the proof." *Id.* at 55, 158 S.W.3d at 731.

### Discussion

Gray argued in his motion for new trial that, even though he does not agree with the jury's conclusions, he concedes that the jury could properly find that he was not entitled to the value of his work pursuant to the agreement between him and Moreland. However, he claimed that there was no basis in the evidence for Moreland to recover a money judgment against him. He argued that the evidence showed that Moreland agreed to pay Gray to paint the airplane and to pay him for his work. Gray contended that Moreland obtained the plane from him by subterfuge, and Moreland did not pay Gray for the work done. Therefore, Gray maintained that the judgment of the jury against him could not be supported by the evidence and should be set aside.

In his appellate brief, Gray contends that under the most generous acceptance of Moreland's testimony and proof, it can only be established that he was dissatisfied with the work done by Gray and that his airplane was missing some rivets. Gray contends that that alone does not support a verdict for damages. He argues that the proper measure of damages is best analyzed under a bailment theory.

He argues that *Bay Aviation Services Company v. Southland Aviation, Inc.*, 211 F.Supp. 125 (W.D.Ark.1962), sets forth the proper measurement of damages for the case at issue. There, the court found that when the owner of the aircraft entrusted it to a repair shop for service, the legal relationship of a bailment for mutual benefit was created. The court stated:

The general rule is stated in 8 C.J.S. Bailments § 55(2) e, at page 568, as follows:

'Where an article is intrusted to a bailee for alterations or repairs any, by reason of deviation from the bailor's instructions, of negligence, or of unskillful-

ness, the work is not properly performed, the bailor may sue for the breach of contract to repair, in which case the measure of his damages is the difference in the value of the article in its present condition and what it would have been worth if the work had been properly performed.'

See, Arkansas Machine & Boiler Works v. Moorhead, (1918), 136 Ark. 18, 205 S.W. 980, 1 A.L.R. 1652.

Bay Aviation, 211 F.Supp. at 140. Gray claims that there was an absolute failure of proof with regard to damages Moreland could have reasonably and properly claimed against him, as there was no proof as to the airplane's value in its condition after Gray painted it and after Moreland had it repainted.

■ We note that Gray's argument on appeal differs from that argued in his motion for new trial. Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. BBAS, Inc. v. Marlin Leasing Corp., 104 Ark.App. 63, 289 S.W.3d 153 (2008).

However, we do not reach Gray's argument on appeal for an additional reason revealed by the record in this case. During jury deliberations, the jury foreman requested by note of the trial court as follows: "I would like to know the dollar amount that each party is asking for." Attorneys for both parties told the trial court that they did not have an objection to answering the question. The trial court sent back an answer to the jury foreman indicating that Bill Gray was not requesting any money from Moreland, that Don Gray was requesting $9,491 from Moreland, and that Moreland was requesting $24,472.67 from Bill Gray and $9,385 from

Don Gray. Both attorneys initialed the note containing this information, indicating that they had no objections and that it read as they agreed. The jury then returned with a verdict for Moreland against Don Gray in the amount of $9,385.

■ An appellant may not complain on appeal that the trial court erred if he induced, consented to, or acquiesced in the trial court's position. Keathley v. Keathley, 76 Ark.App. 150, 61 S.W.3d 219 (2001). Because Gray failed to object to the specific amount he now complains of, his argument is not preserved. Accordingly, we affirm.

Affirmed.

BROWN, J., agrees.

HART, J., concurs.

HART, J., concurring.

I do not agree with the majority's analysis on why the issue was not preserved for appellate review. The majority notes that the jury sent the court a note requesting the "dollar amount that each party is asking for," and with the consent of the parties, the court answered that Moreland was requesting $9385 from Gray. The majority apparently holds that by not objecting, Gray consented to a verdict in that amount.

In my view, a defendant can agree that the plaintiff is "asking for" a specific amount of damages without having admitted that he owes that amount. For instance, a debtor can agree that, as stated on the bill, a creditor is "asking for" ten dollars. But this does not mean that the debtor has agreed that the creditor is owed ten dollars. Nevertheless, I agree that Gray's challenge to the sufficiency of the evidence to support the award was not preserved for appellate review, as neither the argument he made in his directed-

verdict motion nor the argument in his new-trial motion was the same as the argument he now makes on appeal.