2014 Ark. App. 275

Sarah T. **BRANTLEY** and James William Brantley,
Appellants

v.

**NORTHWEST ARKANSAS HOSPITALS, LLC** d/b/a Northwest Medical Center-Bentonville; Scott Smith, M.D.; Pinnacle Women's Health Care PLC; and Diane Wyatt, R.N., Appellees.

No. CV–13–466.

Court of Appeals of Arkansas.

April 30, 2014.

Rehearing Denied June 4, 2014.

Cox, Cox & Estes, PLLC, Fayetteville, by: Walter B. Cox and James R. Estes, for appellants.

Bassett Law Firm LLP, Fayetteville, by: Walker Dale Garrett; and McDaniel & Wells, P.A., Jonesboro, by: Bobby McDaniel; and Baker, Schulze & Murphy, Little Rock, by: J.G. "Gerry" Schulze, for appellees.

WAYMOND M. BROWN, Judge.

In this ordinary-negligence case, Sarah and James Brantley appeal from the Benton County Circuit Court's denial of their motion for a new trial following a jury's verdict in favor of appellees Diane Wyatt and Northwest Arkansas Hospitals, LLC ("Northwest"). The circuit court had granted a directed verdict in favor of separate appellees Dr. Scott Smith and Pinnacle Women's Health Care, PLC, at the close of the Brantleys' case, and this decision was also at issue in the motion for new trial.[1] The Brantleys argue two main points for reversal of both the directed

verdict and the jury's verdict. We affirm in part and reverse and remand in part.

Sarah Brantley was a patient at Northwest in Bentonville for a Caesarian section. After the delivery, an incident occurred where she fell from the operating table while hospital staff were attempting to move her to a gurney for transfer.

The Brantleys filed suit against Northwest, alleging that an unknown nurse or nurses were negligent in causing Brantley's injuries and damages. Northwest denied the allegations.

During discovery, nurse Diane Wyatt was shown in a hospital-incident report as being responsible for the accident. However, Wyatt claimed in her deposition that Dr. Smith pushed Sarah Brantley off the table, causing the fall.

As a result of this testimony, the Brantleys filed an amended complaint that identified Wyatt as the nurse responsible for Sarah Brantley's fall. In addition to the allegations against Northwest, the amended complaint also added several entities including Wyatt, Dr. Smith, Pinnacle Women's Health Care, PLC, and John Does 1–4 as defendants.[2] The allegations against Wyatt and Dr. Smith were stated in the alternative. Wyatt and Northwest separately responded to the amended complaint and denied liability. Dr. Smith filed an answer and denied liability.

Prior to trial, the Brantleys filed a motion seeking a ruling that, due to the nature of Sarah Brantley's injuries, no expert testimony was necessary. The court granted the motion, finding that the nature of the injuries was within the jury's common knowledge.

The case proceeded to a jury trial and lasted several days. In opening state-

---

1. For convenience, Dr. Smith and Pinnacle Women's Health Care will be collectively referred to as Dr. Smith.

2. The John Does were later dismissed.

ments, the ⌊₃Brantleys' attorney argued that it was only during Wyatt's deposition that they learned that Wyatt was claiming that Dr. Smith had pushed Sarah Brantley off the table and that Smith was brought into the case so that the jury could determine who was telling the truth about the incident. Counsel also argued that Wyatt's claim that Sarah Brantley was gently lowered to the floor was "preposterous" but that it was the jury's prerogative as to whom to believe.

At the close of the Brantleys' case, Dr. Smith moved for a directed verdict, arguing that there was no substantial evidence to support the allegation that Dr. Smith had pushed Sarah Brantley off the table. Dr. Smith further argued that the only evidence that Dr. Smith had any role in the fall was the testimony of nurse Wyatt, which he contended was based on assumption, conjecture, and speculation. The circuit court agreed and granted a directed verdict in favor of Dr. Smith and Pinnacle. An order memorializing this ruling was entered during the trial.

At the conclusion of the evidence, the case was submitted to the jury. Eleven members found for Wyatt, and the jury was unanimous in finding for Wyatt on James Brantley's derivative claim. The circuit court entered judgment on the jury's verdict.

The Brantleys timely filed their motion for new trial and argued that they were entitled to a new trial because the directed verdict in favor of Dr. Smith was an irregularity that prevented them from having a fair trial, that the verdict was contrary to the preponderance of the evidence, and that it was an error of law objected to by the Brantleys. The circuit court denied the motion for new trial and this appeal followed.

Our supreme court clarified the appellate standard of review for the various motions ⌊₄such as a motion for directed verdict, a motion for judgment notwithstanding the verdict, and a motion for new trial as follows:

A trial court is to evaluate a motion for directed verdict or a motion for judgment notwithstanding the verdict by deciding whether the evidence is sufficient for the case to be submitted to the jury; that is, whether the case constitutes a prima facie case for relief. In making that evaluation, the trial court does not weigh the evidence; rather, the trial court is to view the evidence in a light most favorable to the party opposing the motion. To the contrary, in evaluating the motion for new trial under Rule 59(a)(6), the trial court must determine whether the verdict or decision is clearly contrary to the preponderance of the evidence. In examining that motion, the trial court is permitted to weigh the evidence. On appeal from the denial of any of these motions, the appellate court affirms the verdict if it is supported by substantial evidence.[3]

Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other.[4] In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered.[5] A motion for directed verdict should be denied when there is a conflict in the evidence, or when the evi-

3. *Wal–Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 739, 120 S.W.3d 61, 66–67 (2003) (citations omitted).

4. *The Medical Assurance Co. v. Castro*, 2009 Ark. 93, 302 S.W.3d 592.

5. *Id.*

dence is such that fair-minded people might reach different conclusions.[6]

■ For their first point, the Brantleys argue that the circuit court erred in granting the directed verdict in favor of Dr. Smith. They contend that Diane Wyatt's testimony was sufficient to get their claim against Dr. Smith to the jury. We agree and hold that the court erred in directing the verdict.

In making the motion for directed verdict, counsel for Dr. Smith argued as follows:

So the only evidence that the jury has heard upon which they could return a verdict against Dr. Smith and Pinnacle is the testimony of Nurse Wyatt. And I'm sure the Court recalls her testimony where she first said that Dr. Smith shoved Mrs. Brantley. When pressed by both [the Brantleys' counsel] and by me, she admitted that she never saw Dr. Smith lay a hand on Mrs. Brantley. She never saw him touch her. And her words were, "I assumed that Dr. Smith had pushed her due to the physics of things."

Counsel later added that Sarah Brantley testified that she never felt a shove or a push. The Brantleys' attorney responded by arguing that Wyatt testified that she did not cause Brantley to fall in any way, and that Dr. Smith had to have been the one to push her off the table because nobody else touched her. Counsel acknowledged that there were some challenges to Wyatt's observations but argued that it was the jury's province to determine whether to believe her version of the facts.

After considering the arguments, the circuit court ruled as follows:

I don't think there is any substantial evidence that Dr. Smith had anything to do with this occurrence. As [the Brantleys' counsel] points out, the only evidence or testimony to that effect is Ms. Wyatt's. Not even [Sarah Brantley], herself, believes that Dr. Smith had anything to do with that. Your Motion for a Directed Verdict is granted[.]

■ In evaluating a motion for directed verdict, the circuit court may not weigh the evidence or determine the credibility of witnesses, as these matters are within the sole province of the jury.[7] In *Long*, our supreme court held, based on comments made by the trial court, that the trial court had improperly weighed the credibility of witnesses in granting a directed verdict in a capital-murder case. The supreme court said that the trial court pointed out numerous inconsistencies in various witnesses' testimonies and then concluded that the jury would have to engage in too much speculation and conjecture to find appellees guilty of the crimes charged.[8] The circuit court's comments in this case also crossed that line.

It is important to recall that the circuit court was to review the evidence in the light most favorable to the Brantleys.[9] The focus on Wyatt's testimony that she "assumed" Dr. Smith pushed Brantley too hard is misplaced because Wyatt clearly testified that Dr. Smith did, in fact, push Brantley off the table. Her testimony about her assumption goes to the *manner* in which Dr. Smith caused Brantley to fall, *not whether* he was the cause of her fall. In other words, Dr. Smith caused Brantley to fall from the table either by pushing her

---

6. *Id.*

7. *State v. Long,* 311 Ark. 248, 844 S.W.2d 302 (1992).

8. *Id.* at 252, 844 S.W.2d at 305.

9. *Tucker, supra.*

too hard or by lifting her too high with the roller board. Likewise, the testimony that Wyatt did not see Dr. Smith place his hands on Brantley goes to the weight to be given her testimony. Another matter for the jury to resolve was the conflict in the testimony between Wyatt and Brantley over whether Dr. Smith pushed Brantley at all.

There was substantial evidence to support a finding that Dr. Smith was negligent. However, the circuit court found that same evidence to be insubstantial after making a credibility determination. Therefore, the directed verdict in favor of Dr. Smith was in error and we reverse.

■ Having determined that the circuit court erred in directing the verdict in favor of Dr. Smith, the question becomes what is the appropriate remedy. The Brantleys moved for a new trial as to both Dr. Smith and Wyatt, asserting that the erroneous directed verdict enabled Wyatt to make an improper "empty chair" argument to the jury. This error, according to the Brantleys, entitled them to a new trial as to both defendants under Ark. R. Civ. P. 59(a)(1), (8). Wyatt argues that a new trial is not warranted as to her because there is substantial evidence to support the jury's verdict and, alternatively, that the Brantleys waived the argument by failing to object below. Dr. Smith took no position on this issue, either in his brief or at oral argument. We agree with Wyatt that the issue has been waived.

After the circuit court indicated that it was going to grant the motion, Wyatt's attorney pointed out that a witness was going to testify for Wyatt that Dr. Smith did push Brantley off the table. Wyatt also argued that the court should not grant the directed verdict in favor of Dr. Smith if a witness was going to testify for Wyatt that Dr. Smith did, in fact, push Brantley off the table. The court ruled that the directed verdict would stand and that there would be no testimony that Dr. Smith caused the accident. Following a discussion as to how the court was going to advise the jury that Dr. Smith had been dismissed, Wyatt further argued that the court's telling the jury that Dr. Smith was not responsible was prejudicial and incorrect. The court agreed and allowed Wyatt to elicit testimony blaming Dr. Smith for the accident. Counsel for the Brantleys told the court that there was an agreement between him and Wyatt's attorney that there would be no objection if Wyatt chose to present testimony and argument blaming Dr. Smith. There was no further mention of the "empty chair" defense until the Brantleys filed their motion for new trial and supporting brief.

■ We do not consider arguments that were raised for the first time in a motion for a new trial.[10] Moreover, an appellant may not complain on appeal that the circuit court erred if he induced, consented to, or acquiesced in the circuit court's position.[11] Therefore, we cannot say that the circuit court erred in denying the Brantleys' motion for a new trial as to Wyatt and Northwest.

Affirmed in part; reversed and remanded in part.

WALMSLEY J., agrees.

WOOD, J., concurs.

RHONDA K. WOOD, Judge, concurring.

I write separately to distinguish the circuit court's error in granting Dr. Smith's

10. *Herrington v. Ford Motor Co.,* 2010 Ark. App. 407, 376 S.W.3d 476.

11. *Gray v. Moreland,* 2010 Ark. App. 207, 374 S.W.3d 178.

directed-verdict motion. The majority finds that the court improperly weighed evidence and that the court's comments "crossed the line" similar to *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992). I disagree and instead find that the circuit court improperly assessed the nature of the evidence as being insubstantial to create the likelihood that a jury could be compelled to find Dr. Smith liable.

When considering a motion for a directed verdict, the court is charged with determining whether there is substantial evidence that goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or another. *The Medical Assurance Co., Inc. v. Castro*, 2009 Ark. 93, 302 S.W.3d 592. A trial court clearly cannot consider credibility or ⌊9weigh opposing evidence. *Id.* The court is, however, charged with determining whether the evidence presented rises to the level of being substantial enough to compel a jury. *Id.*

In the present case, the court stated, "I don't think there is any substantial evidence that Dr. Smith had anything to do with this occurrence." The court applied the proper rule, but on review, we disagree and find that the evidence was substantial. Although the circuit court went further and stated that even the plaintiff didn't believe that Dr. Smith was at fault, that comment pointed out an inconsistent theory of the case. In my view, this comment was not an improper weighing of the evidence and should have no bearing on our decision to reverse.

Because I agree with the majority that the evidence presented was substantial, I agree that the directed verdict was in error.