James ELAM *v.* STATE of Arkansas

CR 85-8                                      690 S.W.2d 352

Supreme Court of Arkansas
Opinion delivered June 3, 1985

*Guy Jones, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was found guilty of violating the Omnibus DWI Act of 1983. We affirm the conviction. The appeal comes to this Court under Rule 29(1)(c).

On June 18, 1983, Trooper Simes of the Arkansas State Police was dispatched to investigate an accident near Vilonia. Upon arriving at the scene of the accident, he found appellant's overturned vehicle with beer cans inside and outside. Appellant's bloodshot eyes were "kinda out of control." Appellant was taken to the nearest hospital and, while there, told the trooper that he was the only person in the car at the time of the accident and that the accident occurred because he had missed a curve. The trooper concluded that appellant had been drinking and, as soon as appellant was discharged from the hospital, took him to the police station for a breath test. The result of the test was 0.15% blood alcohol content.

While the trooper did not actually see appellant operate the vehicle, the confession coupled with the recited facts constitute substantial evidence from which the jury could find that appellant was in actual control of the vehicle.

Appellant argues that there was no reasonable cause to require him to submit to the breath test. *See* Ark. Stat. Ann. § 75-1045(a)(3) (Supp. 1983). We find no merit in the argument. The manner in which the accident occurred, the beer cans, and appellant's appearance supplied ample cause for the officer to require the breath test.

Last, appellant argues that the breath test was not

administered for more than two hours after the accident, and the result of the test was not admissible in evidence. As authority for his argument appellant cites Ark. Stat. Ann. § 75-1031.1 (Supp. 1983). That statute does not provide an unqualified exclusionary rule of evidence for tests administered more than two hours after a person is arrested for driving while intoxicated. Instead, it provides that if the test is administered within two hours of the arrest and the test shows that the defendant has a blood alcohol content of 0.05% or less he shall be presumed not to be under the influence of alcohol. If the defendant has a blood alcohol content in excess of 0.05% but less than 0.10% there should be no presumption whether the defendant was or was not under the influence of intoxicants. The statute is silent, however, regarding situations in which the test is taken two hours or more after the arrest, and the result reflects a blood alcohol content of 0.10% or more. The legislative reasoning is obvious. A delay beyond two hours could result in the blood alcohol content of an intoxicated person declining to the extent that it could no longer be detected by the testing mechanism, or, if detected it would register a smaller level. In such cases it would not be fair to apply either of the statutory provisions on presumptions. However, if the delay is two hours or longer and the test still shows a blood alcohol content of 0.10% or more, neither provision on presumptions is applicable, and the test is admissible.

Even if we construed the statute to apply to situations in which the test is taken two hours or more after the arrest and the result was 0.10% or more, we would not reverse because there would be no prejudicial error since the longer the period of time between the arrest and the test, the more the blood alcohol content decreases. *Munn* v. *State*, 257 Ark. 1057, 521 S.W.2d 535 (1975).

Affirmed.