Earl Orson NEBLE *v.* STATE of Arkansas

CA CR 88-130 762 S.W.2d 393

Court of Appeals of Arkansas
Division I
Opinion delivered December 21, 1988

*Tucker & Thrailkill,* by: *Patricia A. Tucker,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Polk County Circuit Court. Appellant, Earl Orson Neble, appeals his conviction of driving while intoxicated, a violation of Arkansas Code Annotated § 5-65-103(a) (1987), and the sentence imposed therefor. We affirm.

Appellant was charged by information filed April 23, 1987, with driving while intoxicated. The information further alleged that appellant had committed three previous offenses. Appellant was tried by a jury on March 11, 1988, and convicted as charged. Being an habitual offender, he was sentenced to a term of four years in the Arkansas Department of Correction and fined $900.00. From the judgment of conviction comes this appeal.

For reversal, appellant raises the following points:

I.

The trial court erred in allowing the prosecution to

introduce evidence of a DWI conviction in Hunt County, Texas, because the record is silent as to defendant waiving his right to counsel "intelligently, understandingly, competently, voluntarily, without pressure or coercion, by a person having full knowledge of his rights" and since the record is silent, compliance with these constitutional requirements cannot be presumed.

## II.

The trial court erred by allowing the prosecution to make the improper closing argument in that appellant was unfairly prejudiced by the remarks, and the remarks were improper and immaterial to the issues before the jury.

## III.

The trial court erred by allowing testimony which was cumulative, prejudicial, highly irrelevant, and introduced only to show a bad person or a person that should be punished.

## IV.

The trial court erred by denying defendant's motion for directed verdict based upon the state's failure to meet its burden of proof as to defendant's operating or being in actual physical control of a motor vehicle while intoxicated as required by Ark. Stat. Ann. § 5-65-103.

Because the appellate court must review the sufficiency of the evidence prior to consideration of trial errors, *McCraw* v. *State*, 24 Ark. App. 48, 748 S.W.2d 36 (1988), we first address appellant's final point.

Appellant challenges only the sufficiency of the evidence as to proof that appellant was operating or in actual physical control of a motor vehicle while intoxicated. Arkansas Code Annotated § 5-65-103(a) (1987) makes it unlawful and punishable "for any person who is intoxicated to operate or be in actual physical control of a motor vehicle." The state must prove beyond a reasonable doubt every element of the crime charged. *Wortham* v. *State*, 5 Ark. App. 161, 634 S.W.2d 141 (1982). Therefore, the

state must prove not only that appellant was intoxicated, but also that he operated or was in actual physical control of a motor vehicle while intoxicated.

On the evening of April 19, 1987, Mr. Raymond Yahn and his son heard an accident near their home. Mr. Yahn testified that he went to the scene of the accident and discovered a single car which had left the road, torn down fifty to sixty feet of fence and come to rest in a ditch. He testified that there were no occupants in the vehicle at the time he and his son arrived. After searching briefly for the driver, Mr. Yahn returned to his home and contacted Deputy Sheriff Bill Nelson at his home. Deputy Nelson also resided nearby. Deputy Nelson arrived at the scene and they began to search for the car's occupant. Other law enforcement officials were also called to the scene. State Trooper Mickey Simmons testified that during his investigation of the accident he discovered that the car was registered in appellant's name. While searching the area, Deputy Nelson received a dispatch that his wife had called to report that the man they were looking for had approached the Nelson residence requesting help because his car had broken down. Mrs. Nelson testified that the man requesting help, later identified as the appellant, was, in her opinion, drunk. She testified that his eyes were glazed, his clothing was disheveled, and that he had urinated on himself. By the time Deputy Nelson arrived at his home, appellant was gone. Testimony revealed that an extensive search ensued involving Mr. Yahn, Deputy Nelson, Sheriff Fred Neblick, and State Trooper Mickey Simmons. Mr. Yahn testified that he found the appellant lying face down in a ditch in a semi-conscious state approximately 300 feet from the wrecked vehicle. Trooper Simmons testified that appellant's clothes were in total disarray, that he detected a very strong odor of alcohol about his person, and that appellant spoke with a slur and was belligerent. Trooper Simmons further testified that when he asked appellant if he was driving the vehicle, appellant replied that he was not. Appellant told Trooper Simmons that a man named "Bill," whom he had met at a tavern, was driving, but that he did not know where "Bill" lived. Appellant was then taken to a nearby hospital for a blood alcohol test.

When the sufficiency of the evidence is challenged on appeal, we view the evidence in the light most favorable to the

appellee and affirm if there is substantial evidence to support the verdict. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). Substantial evidence has been defined as evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other; it must force or induce the mind to pass beyond a suspicion or conjecture. *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986). The fact that evidence is circumstantial does not render it insubstantial. *Shipley* v. *State*, 25 Ark. App. 262, 757 S.W.2d 178 (1988).

 Appellant contends that upon the above facts the state failed to prove that appellant was the one driving the vehicle. Appellant did not testify at trial, but his explanation, given at the scene of the accident, was before the jury through other witnesses. However, decisions regarding the credibility of the witnesses are for the trier of fact, in this instance the jury, and the jury was not required to believe the explanation given by the appellant, who was the person most interested in the outcome of the trial. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). Furthermore, the appellate court need only consider testimony lending support to the jury verdict and may disregard any testimony that could have been rejected by the jury on the basis of credibility. *Sparks* v. *State*, 25 Ark. App. 190, 756 S.W.2d 911 (1988). The evidence revealed that the car was registered in appellant's name, that appellant told Mrs. Nelson that his car had broken down rather than that he had been in an accident and that appellant left the Nelson residence when Mrs. Nelson notified the police. The jury could have concluded from the circumstances that appellant was the one driving the vehicle when the accident occurred without resorting to suspicion or conjecture. Therefore, the trial court did not err in failing to direct a verdict.

 Appellant also argues that the trial court erred in allowing appellant's sentence to be enhanced by a prior DWI conviction because the record is silent as to whether appellant knowingly and intelligently waived his right to counsel in that proceeding. While we agree that presuming waiver of counsel from a silent record is impermissible, and that introduction of a previous conviction where the record is silent in that regard is prejudicial error, *McConahay* v. *State*, 257 Ark. 328, 516 S.W.2d 887 (1974), we cannot agree that error was committed in

the case at bar. The conviction of which appellant complains was obtained in Hunt County, Texas, in 1984. During the suppression hearing, appellant testified that he was not advised of his right to counsel at the time he entered his guilty plea. However, the record reveals otherwise. The certified document signed by appellant states in pertinent part:

> On this day, this cause being called for trial, came the County Attorney for the State of Texas, and came the Defendant in person and by attorney, or attorney being waived, and the Defendant, having been arraigned, pleaded guilty to the Information herein, waived trial by jury and submitted this cause to the Court . . . .

Appellant specifically contends that because the statement does not indicate that he was advised of his rights, that he "knowingly and intelligently" waived his rights, or that he was offered counsel it should be treated as a silent record. We disagree. In *Bryant* v. *State*, 16 Ark. App. 45, 696 S.W.2d 773 (1985), we held that a certified copy of a prior conviction for DWI which stated that the appellant had "waived counsel," was sufficient to show waiver of counsel because it was a certified part of the court record. *See also, Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985). We see no reason to require more in this instance. We also note that appellant's argument that the waiver was ineffective because he was unaware that a guilty plea could be used to enhance punishment for any subsequent conviction has been rejected by this court in *Dickerson* v. *State*, 24 Ark. App. 36, 747 S.W.2d 122 (1988). We find appellant's point numbered one to be meritless.

Next, appellant argues that the trial court erred in allowing the prosecutor to make improper remarks during his closing argument. We disagree.

It is well settled that closing argument must be confined to questions in issue, the evidence introduced at trial, and all reasonable inferences and deductions which can be drawn therefrom. *Ford* v. *State*, 276 Ark. 98, 633 S.W.2d 3, *cert. denied*, 459 U.S. 1022 (1982). However, counsel is allowed some leeway with respect to making opening and closing arguments. *Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981). The trial judge has a wide latitude of discretion in controlling the arguments of counsel, and rulings on argument will not be reversed in absence

of clear abuse of that wide discretion. *Cook* v. *State*, 283 Ark. 246, 675 S.W.2d 366 (1984).

■ The remarks complained of were made by the prosecutor during his rebuttal closing argument. It is permissible to comment upon matters which were discussed or invited by the appellant's preceding closing argument. *Robinson* v. *State*, 275 Ark. 473, 631 S.W.2d 294 (1982); *Ruiz* v. *State*, 265 Ark. 875, 582 S.W.2d 915 (1979). Because we agree with the appellee that the alleged improper remarks were invited by appellant's closing argument it is necessary to set out the relevant portions of both arguments. During her closing argument, appellant's attorney made the following comments:

> It's important, it's an important case. I would say it's much better . . . for a person who is guilty to walk out of here than an innocent man to be convicted because we are just as safe as our neighbor . . . and we should always require the state to prove every element beyond a reasonable doubt and that's for everybody's safety. That's for public safety and that's what we're upheld to do today.

During his rebuttal closing argument, the prosecutor stated:

> [Appellant's attorney] says that this is an important case. That is one area I agree with her. This is an important case, and if you buy this concocted story about this ficticious character, Bill, you are basically going to be opening the door to this defendant and every other drunk driver in the future [appellant's attorney objects and moves for a mistrial which is overruled] . . . that when they have a wreck, what they need to do is get out of the car [appellant's attorney renews her objection which is overruled] . . . and invent some ficticious beer drinking buddy, and try to lay all the blame off on him. Now, is that the kind of message that you want to give drunk drivers in the future. I think not, and that's why I'm asking you to find [appellant] guilty.

■ The comments made by appellant's attorney regarding the importance of the case and its relation to public safety invited the prosecutor's remarks concerning his view on the impact the case could have on public safety. Furthermore, refusal

to exclude expressions of opinion of the prosecuting attorney as to the effect of failure to properly enforce the law has been held not erroneous. *Hill* v. *State*, 253 Ark. 512, 487 S.W.2d 624 (1972); *Venable* v. *State*, 156 Ark. 564, 246 S.W. 860 (1923). The trial court was in a better position to evaluate any possible prejudice from the statements and we cannot say he abused his discretion in denying appellant's motion for a mistrial.

Finally, appellant argues that the trial court erred in admitting evidence which was cumulative, prejudicial, and irrelevant. Over objection, Trooper Simmons was allowed to testify regarding appellant's demeanor and conduct at the hospital emergency room. Trooper Simmons testified in general that appellant was very uncooperative; that he was loud and boisterous; that he was using foul language; that he refused medical assistance; and that he had to be restrained in order for the doctor to examine him. The state contends that the evidence was relevant to show intoxication. Appellant essentially contends that because evidence of intoxication had been previously shown and well established and because appellant did not dispute intoxication that the testimony was needless and merely exposed the appellant to ridicule in an attempt to show that he was a bad person. The fact that evidence is cumulative or unnecessary does not, of itself, make it inadmissible. *See Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). Nor can a party prevent the introduction of relevant evidence simply by stipulating to facts. *See Henderson* v. *State*, 291 Ark. 138, 722 S.W.2d 600 (1987). We agree with the state that Trooper Simmons' testimony was relevant to the element of intoxication. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. The balancing of probative value against prejudice is a matter left to the sound discretion of the trial judge and his decision on such a matter will not be reversed absent a manifest abuse of that discretion. *Wood* v. *State*, 20 Ark. App. 61, 724 S.W.2d 183 (1987). On the record before us, we cannot conclude that the testimony resulted in the *unfair* prejudice of which the rule speaks, and therefore, we find no abuse of discretion.

Affirmed.

JENNINGS and COULSON, JJ., agree.