Levonia GRAY *v.* STATE of Arkansas

CR 92-846                                         843 S.W.2d 315

Supreme Court of Arkansas
Opinion delivered December 7, 1992

*William R. Simpson*, Public Defender and *Joseph Cordi*, Deputy Public Defender, by: *Thomas B. Devine, III*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Levonia Gray argues in this appeal there was a lack of evidence at his bench trial to convict him of aggravated robbery, misdemeanor theft of property, and felon in possession of a firearm. Finding the evidence sufficient, we uphold the decision of the trial court.

Around 3:30 a.m. on September 11, 1991, a convenience store at 12th and Fair Park in Little Rock was robbed. The clerk described the robber as a black male, wearing a black ski mask, camouflage jacket and white pants. Two police officers, patrolling the area because of a spate of recent crimes, were parked in an alley near the store. They watched as a black male dressed in white pants and green camouflage jacket entered the convenience store and emerged moments later wearing a ski mask. He ran behind the building as they drove toward the rear of the building. There they discovered a brown Buick automobile parked in a vacant lot. An occupant, Frederick Ellis, was crouched down in the passenger's seat. He told them that he was waiting on a friend who had gone into the convenience store. He said the friend wore white pants and a green jacket. The vehicle contained papers belonging to Levonia Gray. Some distance away, between the store and the car, they found a black ski mask.

Levonia Gray was taken into custody. He told police he knew nothing of the robbery, and that a kid named Fred had spent the night in his car on the night in question. A voice lineup was conducted using six subjects and the clerk picked the voice of Levonia Gray.

Frederick Ellis testified at trial that he had been riding around with Gray when Gray parked behind the convenience store and told him to wait. After about ten minutes the police arrived but Gray never returned. Gray was convicted and sentenced as an habitual offender to a total of forty-eight years in the Department of Correction.

Levonia Gray contends the evidence is short on all counts. He submits the most telling evidence connecting him to the crime was the testimony of Frederick Ellis. But Gray maintains Ellis was an accomplice and his testimony must be disregarded under Ark. Code Ann. § 16-89-111(e)(1) (1987), providing that an accused may not be convicted of a felony on the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the crime. Gray cites those cases holding that the testimony of the accomplice must be excluded in determining whether the corroborating evidence is sufficient. *See, e.g., Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983).

■■ We cannot sustain the argument because the trial judge, sitting as fact finder, found that Ellis was not an accomplice, even though the police found him crouched down in the vehicle as they drove up to investigate. We cannot say on that ambiguous circumstance that Ellis was an accomplice as a matter of law. In reality it matters little how the accomplice issue is resolved, as the remaining evidence connecting Levonia Gray to the robbery was clear beyond any serious question — the clerk described the robber as a black male wearing white pants, camouflage jacket and ski mask; two officers saw a man dressed accordingly enter and leave the store headed toward the parked vehicle containing papers belonging to Levonia Gray; the ski mask was found some thirty feet from the car, as were tracks leading toward the car and then away from it; the clerk identified the voice of Levonia Gray as that of the robber and while the trial judge minimized the voice identification in his findings, he did not discount it altogether. In short, we find the evidence, though circumstantial, entirely adequate to support the conviction. .

Affirmed.