STATE of Arkansas *v.* Jeffery JOHNSON

CR 93-1398 876 S.W.2d 577

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Wallace & Hamner*, by: *Dale E. Adams*, for appellee.

ROBERT L. BROWN, Justice. This appeal by the State raises the issue of whether the appellee, Jeffery Johnson, was entitled to be told the results of his blood alcohol test before deciding if he wanted to have a second chemical test performed. The circuit court determined that Johnson could not make an informed decision about a second test, to which he had a statutory right, without knowing the results of the original test. The court found him not guilty of DWI, first offense, and dismissed the charge. The State urges that we declare that the circuit court erred in its reading of the statute.

The facts are undisputed. At approximately 1:00 a.m. on December 18, 1992, Johnson was driving his pickup truck in Little Rock and was involved in an accident with two other vehicles. Little Rock Police Patrolman Doug King arrived at the scene and later testified that Johnson, who had a broken leg as a result of the accident, had smelled strongly of alcoholic beverages. Johnson was transported to Baptist Medical Center, and Little Rock Police Patrolman Everett Hopper, who is a certified DWI specialist, interviewed him there. Officer Hopper stated at trial that Johnson consented to having his blood drawn, and blood was drawn by a registered nurse. Hopper then told him that he could have a second test administered. Johnson declined the second test. The blood sample was later transported to the State Health Department where it was tested eleven days later on December 29, 1992. The results showed .11 percent blood alcohol content which is above the legal limit for intoxication. Ark. Code Ann. § 5-65-103 (1987).

Johnson was cited for DWI, first offense, and for reckless driving. He was tried in Little Rock Municipal Court, found guilty, and sentenced to one-day in jail, license suspension of ninety days, and alcohol treatment and education and fined $300 plus costs. He appealed that judgment of conviction to circuit court for a trial *de novo*. At the conclusion of all evidence, defense counsel moved for a directed verdict, though it was a bench trial, and the circuit court raised its concern about how Johnson could know if he wanted a second blood alcohol test without knowing the results of the first. The prosecutor pointed out that all the statute requires is that if a person consents to the first test, that person has a right to a second test. The circuit court then stated that Johnson was not afforded his rights under Act 106 of 1969,

now codified as Ark. Code Ann. § 5-65-204(e)(1987), and found him not guilty.

 The sole point urged by the State is that the circuit court erred as a matter of law in its interpretation of § 5-65-204(e). In addressing an appeal by the State, we first must determine whether the correct and uniform administration of the criminal law requires our review. Ark. R. Crim. P. 36.10(c); *see also State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992). We conclude that it does. If the circuit court of Pulaski County interprets the second-test statute in one fashion and the circuit courts in other counties are at odds with that interpretation, uniformity throughout the state is lacking. We, therefore, will consider the merits of this matter.

The controlling statute, § 5-65-204(e), reads as follows:

(e) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.

(1) The law enforcement officer shall advise the person of this right.

(2) The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

The beginning point in interpreting this statute, as with all statutes, is to construe the words just as they read and to give them their ordinary and accepted meaning. *Farnsworth* v. *White County*, 312 Ark. 574, 851 S.W.2d 451 (1993); *Brimer* v. *Arkansas Contractors Licensing Bd.*, 312 Ark. 401, 849 S.W.2d 948 (1993); *Kyle* v. *State*, 312 Ark. 274, 849 S.W.2d 935 (1993). In addition, this court adheres to the basic rule of statutory construction which is to give effect to the intent of the legislature, making use of common sense. *Kyle* v. *State, supra.* When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Arkansas Dep't of Human Serv.* v. *State*, 312 Ark. 481, 850 S.W.2d 847 (1993).

In reading the statute in question, it is clear that there is no requirement that the results of the first blood alcohol test be furnished so that the person tested can decide whether to request a second test. Moreover, the statute as currently drafted makes good common sense. Even without knowing the results of the first test, the person whose blood is examined may well want to have a second test performed immediately to assure the validity and accuracy of the testing procedures. We conclude that the circuit court did exactly as the State contends and added an element to the statute which the General Assembly did not include.

We further note that under the circuit court's interpretation, testing would have to occur promptly for the person to learn the results and have an opportunity for a valid second test. The reason for this is that blood alcohol content dissipates over a period of time. *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985); *Elam* v. *State*, 286 Ark. 174, 690 S.W.2d 352 (1985). A requirement for testing with instant test results could well work a hardship when the equipment and expertise for determining those results is not available.

We hold that the circuit court erred in its interpretation as a matter of law.