898 S.W.2d 435 (1995)
320 Ark. 426
Dwayne Edward STEPHENS, Appellant,
v.
STATE of Arkansas, Appellee.
No. CR 94-1411.
Supreme Court of Arkansas.
May 8, 1995.
*436 Doug Norwood, Rogers, for appellant.
Vada Berger, Asst. Atty. Gen., Little Rock, for appellee.
CORBIN, Justice.
Appellant, Dwayne Edward Stephens, appeals a judgment of the Washington County Circuit Court convicting him of driving while intoxicated, fining him $250.00 plus court costs, suspending his driver's license for ninety days, and sentencing him to serve thirty days in jail (conditionally suspended) and to attend the Ozark Guidance Center. Jurisdiction of this case is properly in this court pursuant to Ark.Sup.Ct.R. 1-2(a)(3). Appellant asserts two points for reversal. We find no error and affirm.

FACTS
The facts in this case are not disputed. Arkansas State Police Officer Robert Gibson was dispatched at approximately 3:57 p.m. on October 30, 1993 to the scene of a one-vehicle accident near Spring Valley. Gibson arrived on the scene at 4:25 p.m. and discovered an unattended smashed vehicle overturned on State Highway 412, which he later testified was a "very busy road." Gibson observed a half-full bottle of liquor in the vehicle. The vehicle's driver, Gibson later testified, was on his way to the hospital.
Gibson called Arkansas State Police Officer Larry Boone and instructed him to go to the hospital and, if alcohol appeared to be involved, to collect a sample from the driver for blood alcohol testing. The blood alcohol chemical test report later showed that appellant's blood sample was collected by Boone at 4:52 p.m. and contained 0.15% blood alcohol.
After clearing the highway accident scene, Gibson arrived at the hospital where he found appellant in bed being treated by a physician for injuries to his right arm. The physician told Gibson he could talk to appellant. In response to Gibson's questions, appellant identified himself, and stated he was the driver and owner of the vehicle, and had been drinking prior to driving. Both Gibson and Boone later testified that appellant smelled of intoxicants at the hospital.
Gibson stated: "I then after I got my information, I advised him that I would be arresting him in the room at that particular time." Gibson then "left out and let the doctor finish." When the medical treatment was finished, the treating physician told Gibson that appellant needed to go home and rest. Gibson and appellant walked to Gibson's vehicle where Gibson wrote out citations against appellant for DWI, driving left of center, and not wearing a seatbelt. Gibson then drove appellant home.
Appellant was convicted in the Springdale Municipal Court on January 14, 1994 of DWI, driving left of center and not wearing a seatbelt. He appealed to the Washington County Circuit Court, where, on April 21, 1994, a bench trial was held. Officers Gibson and Boone were the state's only witnesses. Appellant's blood alcohol test report was admitted into evidence without objection. The defense presented no evidence. The trial judge dismissed the driving left of center and no seatbelt charges for lack of proof, but found that appellant was guilty of DWI. The trial court's judgment and sentence was filed on August 3, 1994. This appeal arises therefrom.

SUFFICIENCY OF EVIDENCE
Appellant challenges the sufficiency of the evidence and asserts the state did not prove he was the operator of the vehicle involved in the accident, or that his blood alcohol level at the time of the accident was in excess of the legal limit.
Appellant first argues that the only evidence that he was the operator of the vehicle was his pre-arrest statement to Gibson that he was the driver. Appellant characterizes this statement as an out-of-court confession which was insufficient to support his conviction unless accompanied by other proof that the offense was committed. Ark. Code Ann. § 16-89-111(d) (1987). The state responds that appellant's statement did not *437 amount to a confession and, thus, did not require corroboration. The state is correct.
We are relegated to the traditional meaning of the word "confession" as it is used in section 16-89-111(d), a provision which was added to our criminal code in 1868 without an emergency clause or other document descriptive of legislative intent. Bishop v. State, 294 Ark. 303, 742 S.W.2d 911 (1988). This court has stated "`[a] confession is an admission of guilt as to the commission of a criminal act.'" Id. at 307, 742 S.W.2d at 914 (quoting Workman v. State, 267 Ark. 103, 589 S.W.2d 20, 21 (1979)).
Appellant's statement that he was the driver of the vehicle is not an admission of guilt as to the commission of the criminal act of DWI because that crime is defined as the operation or actual physical control of a motor vehicle by a person who is intoxicated or whose blood alcohol level at that time is 0.10% or more by weight as determined by chemical test. Ark.Code Ann. § 5-65-103 (Repl.1993). The term "intoxicated," for purposes of this crime, is defined as follows:
(1) "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians.
Ark.Code Ann. § 5-65-102 (Repl.1993). Appellant's statement did not constitute a confession of DWI because it contains no admission that appellant was intoxicated or that his blood alcohol level was in excess of the legal limit at the time of the accident. Appellant's statement that he was the operator of the vehicle merely constituted an admission of one element of the offense of DWI, rather than a confession of the crime. Snyder v. City of DeWitt, 15 Ark.App. 277, 692 S.W.2d 273 (1985); see also Azbill v. State, 285 Ark. 98, 685 S.W.2d 162 (1985) (holding that appellant's admission to a law enforcement officer, at the scene of appellant's vehicle stuck in the highway median, that he had come from Jonesboro and was the only person around the vehicle was considered a confession of use and control of the vehicle, which, combined with other circumstantial evidence led to the logical conclusion that appellant was DWI). Even if appellant's statement that he was the driver of the vehicle is combined with his pre-arrest statement to Gibson that he was drinking prior to driving the vehicle, there is no confession of DWI because there is still no admission of intoxication or excessive blood alcohol level as defined by our criminal code. Therefore corroboration was not required.
Appellant's second challenge to the sufficiency of the evidence is his assertion that the only evidence that his blood alcohol level was 0.10% or more at the time of the accident was the blood alcohol test report which, he argues, was insufficient to sustain his conviction because no evidence was introduced to relate his blood alcohol level as tested to his blood alcohol level at the actual time of the accident. Therefore, appellant argues, his conviction should be reversed. We reject appellant's argument because we hold substantial evidence existed for the trial court to find that appellant was guilty of DWI on the ground of intoxication.
The crime of DWI is committed whether the act is violated by a motorist who is intoxicated or by a motorist whose blood alcohol level is in excess of the legal limit; these two conditions are two different ways of proving a single violation. Yacono v. State, 285 Ark. 130, 685 S.W.2d 500 (1985). In deciding whether the evidence is substantial, the general rule is:
The evidence to support a conviction, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. [Citation omitted.] We will affirm the verdict of the trial court, if it is supported by substantial evidence, and circumstantial evidence may constitute substantial evidence. [Citation omitted.] To be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence. [Citation omitted.] *438 Walker v. State, 313 Ark. 478, 481, 855 S.W.2d 932, 933 (1993) (quoting Igwe v. State, 312 Ark. 220, 849 S.W.2d 462 (1993)). In this case, the evidence and all reasonable inferences deducible therefrom are viewed in the light most favorable to the state as the party which is relying upon the evidence. Yacono, 285 Ark. 130, 685 S.W.2d 500.
Ark.Code Ann. § 5-65-206(a) (Repl.1993), the statute governing presumption of intoxication on the basis of chemical analysis of the defendant's blood, is silent in the situation where the test is taken more than two hours after the alleged offense or the test result reflects a blood alcohol content of 0.10% or more[1]. Subsection (b) of that statute states that the provisions of subsection (a) are not to be construed as limiting the introduction of any other relevant evidence bearing upon the issue of whether the motorist was intoxicated.
In deciding whether evidence is substantial, appellate courts take notice of the unquestioned laws of nature. Yacono, 285 Ark. 130, 685 S.W.2d 500. Consistent with this principle, this court has repeatedly observed that blood alcohol content decreases with the passage of time. State v. Johnson, 317 Ark. 226, 876 S.W.2d 577 (1994); David v. State, 286 Ark. 205, 691 S.W.2d 133 (1985); Elam v. State, 286 Ark. 174, 690 S.W.2d 352 (1985). In this case, it is undisputed that appellant's blood alcohol test sample was collected approximately fifty-five minutes after Gibson was initially dispatched to the accident scene. Because appellant's overturned vehicle was located in the middle of a busy highway, it is reasonable to infer that the accident was reported to the state police and that appellant was transported to the hospital shortly after the accident occurred. It is reasonable to infer that appellant did not consume alcohol while he was being transported from the accident scene to the hospital or while he was at the hospital. Therefore, it is reasonable to infer from the facts of this case that, at the time the alleged offense occurred, appellant's blood alcohol level was higher than its reported post-accident level of 0.15%, in excess of the legal limit.
Proof of the motorist's blood alcohol content is not necessary for a conviction of DWI on the ground of intoxication. Wilson v. State, 285 Ark. 257, 685 S.W.2d 811 (1985). However, proof by chemical test that the motorist's blood alcohol content was in excess of the legal limit is admissible as evidence tending to prove intoxication. Elam, 286 Ark. 174, 690 S.W.2d 352; Yacono, 285 Ark. 130, 685 S.W.2d 500. In this case, the blood alcohol test report, coupled with the recited facts contained in the testimonies of Officers Gibson and Boone, constituted substantial evidence from which the trial court could find that appellant was intoxicated at the time of the accident.

AUTOMOBILE ACCIDENT REPORT PRIVILEGE
Secondly, appellant asserts his pre-arrest statements to Gibson constituted privileged information which should have been suppressed at trial. Appellant argues these statements were privileged because they were made in discharge of his statutory duty under Ark.Code Ann. § 27-53-202(a) (Repl. 1994) to report his traffic accident to the Arkansas State Police, and, as such, were precluded from use as evidence against him at trial under Ark.Code Ann. § 27-53-208(b)(1) (Repl.1994).
Ark.Code Ann. §§ 27-53-201 to -209 (Repl.1994) govern accident reports which are required to be filed by persons other than law enforcement officers. Section 27-53-202(a) requires the driver of a vehicle involved in an accident resulting in injury or death to any person or apparent property damage in excess of $50.00 to forward a written report of the accident to the Arkansas State Police within forty-eight hours. Section 27-53-208(b)(1) provides that no report shall be used as evidence in any resulting civil or criminal trial. Section 27-53-208(b)(1) is an example of a statute which grants the so-called "automobile accident report privilege." See generally John A. Tarantino, Defending Drinking Drivers § 586 (2d ed. 1991).
*439 Ark.Code Ann. §§ 27-53-301 to -306 (Repl.1994) govern accident reports which are required to be filed by law enforcement officers. Sections 27-53-303(a) and (b)(2) required Gibson, as the investigating officer, to prepare and file a report of his investigation of appellant's accident. Sections 27-53-301 to -306 contain no automobile accident report privilege provision.
It is undisputed that appellant filed no written report of his accident with the state police. The only written report of the accident was prepared and filed by Gibson. Appellant, however, asserts the statutory automobile accident report privilege barred Gibson's testimony as to appellant's pre-arrest statements because those statements were used by Gibson in the preparation of the report which was filed.
Appellant's only authority for his argument is Norstrom v. State, 587 So.2d 1148 (Fla.Dist.Ct.App.1991), in which the Florida District Court of Appeal held the trial court erred in admitting the taped statement of motorist Norstrom, given while in police custody and after he had waived his Miranda rights, during the investigation of a vehicular homicide. The court of appeal ruled the statement inadmissible because it was made during the accident investigation and was privileged under Florida's automobile accident report privilege provision, Fla.Stat. ch. 316.066 (1988). We find appellant's reliance upon Norstrom misplaced. The court of appeal's decision was subsequently quashed in part by the Florida Supreme Court which held that the automobile accident report privilege did not apply on the facts of that case, and remanded the case for consideration of other issues not relevant to this discussion. State v. Norstrom, 613 So.2d 437 (Fla.1993), on remand, 616 So.2d 592 (Fla.Dist.Ct.App. 1993).
Appellant argues then, without persuasive authority, that the automobile accident report privilege rendered inadmissible Gibson's testimony as to appellant's pre-arrest statements, and that the trial court's ruling permitting the testimony was reversible error. Although this argument is apparently one of first impression in this state, it has been addressed by other jurisdictions. See John A. Tarantino, Using The Automobile Accident Report Privilege To Bar Police Officer Testimony, 4 DWI Journal 6 (Jan.1989). The reported weight of authority, we have found, is that, in most criminal proceedings, testimony by police officers relating to admissions by drivers for the purpose of preparing automobile accident reports is admissible. See Randy R. Koenders, Annotation, Admissibility of Police Officer's Testimony At State Trial Relating to Motorist's Admissions Made In Or For Automobile Accident Report Required By Law, 46 A.L.R.4th 291, §§ 2[a]; 4[a] & [b] (1986 & Supp.1994).
We find appellant's argument is without merit. A plain reading of section 27-53-208(b)(1) shows the automobile accident report privilege is expressly extended only to the report itself[2]. By its express terms, the statute does not shield testimony of the investigating officer as to that officer's observations made in preparing his report, including statements made to the officer by the motorist. Other state courts interpreting identical or similar automobile accident report privilege statutes have likewise concluded the privilege does not bar the testimony of the investigating officer. See, e.g., Creary v. State, 663 P.2d 226 (Alaska Ct.App.1983); Spradling v. State, 628 S.W.2d 123 (Tex.Ct. App.1981). We also note with interest that, since the Norstrom case, the State of Florida has amended its automobile accident report privilege statute to specifically permit testimony of the investigating officer to the extent the motorist's privilege against self-incrimination is not thereby violated. State v. Riley, 617 So.2d 340 (Fla.Dist.Ct.App.1993).
The fundamental concern addressed by those courts which have extended the automobile accident report privilege to bar *440 testimony of the investigating officer is to protect against a violation of the reporting motorist's federal constitutional right against self-incrimination under the Fifth Amendment. See, e.g., Riley, 617 So.2d 340; People v. Gilbert, 8 Mich.App. 393, 154 N.W.2d 800 (1967). In the instant case, appellant argues his statutory duty to report the accident to the state police was the reason he provided privileged information to Gibson. However, there is no evidence in the record showing appellant was aware of or was attempting to comply with his statutory duty to report the accident. There is no evidence that appellant believed he was compelled to answer Gibson's investigatory pre-arrest questions. There is no evidence that Gibson coerced appellant's statements, or indicated to appellant in any way that appellant was required to answer Gibson's questions. At trial, appellant stated, through his counsel, that his pre-arrest statements to Gibson were not made in the context of a custodial interrogation. In addition, although section 27-53-201 subjects to statutory fine or suspension of license to drive any motorist who fails to render a required automobile accident report, we are aware of no such penalty for a motorist who refuses to answer the questions of the investigating officer. On this record, the evidence does not indicate that appellant's statements were obtained in violation of his constitutional right against self-incrimination.
Our standard for reviewing the trial court's ruling admitting the challenged testimony is abuse of discretion pursuant to A.R.E. Rule 103. McVay v. State, 312 Ark. 73, 847 S.W.2d 28 (1993). On this record, we find no abuse.
Appellant also argues on appeal that admission of Gibson's testimony as to his pre-arrest statements violated his rights under the U.S. Const. amend. 4 and Ark. Const. art. 2, § 15. We do not address this argument which is raised for the first time on appeal. Aaron v. State, 319 Ark. 320, 891 S.W.2d 364 (1995).
The trial court's judgment is affirmed.
NOTES
[1] Under former law, a presumption that the motorist was under the influence of intoxicating liquor arose in cases where his blood alcohol test result was 0.10% or more. This presumption was deleted by Act 549 of 1983.
[2] Although section 27-53-208(b)(1) does not expressly refer to a written report, the statute plainly contemplates a writing, consistent with the provisions of sections 27-53-201 to -210. See, e.g., section 27-53-202(a) (requiring the driver to file a written automobile accident report with the state police); section 27-53-206 (requiring the state police to prepare and supply automobile accident report forms); section 27-53-209 (mandating public access to the automobile accident reports); section 27-53-210 (authorizing procedures for obtaining photostatic or written copies of automobile accident reports from the state police).