John Floyd YOUNG *v.* STATE of Arkansas

CR 95-209                                       906 S.W.2d 280

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*David E. Smith*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, John Floyd Young, appeals the judgment of the Saline County Circuit Court convicting him for the second time of the capital murder of Raymond Jacobs and sentencing him to life in prison without parole. Appellant's previous conviction of the same crime was reversed for two errors at the first trial relating to the admission of lumi-

nol test results and the admission of testimony acquired pursuant to appellant's grant of immunity. *Young* v. *State*, 316 Ark. 225, 871 S.W.2d 373 (1994). The sole point of error raised in this appeal is the denial of appellant's motion for directed verdict. We find no error and affirm the judgment.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). When reviewing the sufficiency of the evidence on appeal, the appellate court does not weigh the evidence but simply determines whether the evidence in support of the verdict is substantial. *Young*, 316 Ark. 225, 871 S.W.2d 373. Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another. *Id.* In determining whether there is substantial evidence, the appellate court reviews the evidence in the light most favorable to the appellee, and it is permissible to consider only that evidence which supports the guilty verdict. *Id.*

In the present case, appellant's motion was made on the ground that there was not sufficient evidence to show appellant participated in the murder of Raymond Jacobs. Our review of the evidence presented at the trial reveals that the victim, Raymond Jacobs, bred and sold hunting dogs. His wife, Joann Jacobs, testified she last saw her husband on the day of his murder, Friday, May 8, 1992, when she left for work at approximately 7:23 a.m. Mrs. Jacobs was unable to reach her husband by telephone throughout the day, a fact which she described as unusual. Mrs. Jacobs testified she was surprised that she did not see her husband when she returned home from work that day at 6:50 p.m.

On the evening of May 8, 1992, Mr. and Mrs. Jacobs's son, Keith, spoke to his mother on the telephone, then went to his father's barn and discovered his father's body lying face down on top of a pitchfork with the back of his head caved in. Keith Jacobs testified that, after grieving for his father, he took a look around the barn and kennels and noticed the following items were missing: a raincoat, a hammer, a shipping crate for a dog, and four of five dogs that he had observed his father purchase from appellant on April 29, 1992. Keith Jacobs testified that he went to Missouri after his father's death and there found the four missing dogs — one dog at the home of Jerry Haley, one dog at the

home of Ray Markus, and two dogs at the home of Kenneth Davis.

Jerry Haley, of Springfield, Missouri, testified that he had given a dog to appellant for sale on consignment around the end of April 1992 and that Tom Trimble returned the dog to him on May 8, 1992. Ray Markus, of Weaubleau, Missouri, testified that sometime near the end of April 1992, he gave a dog to appellant for the purpose of having the dog bred. Candy Markus, wife of Ray Markus, testified their dog was returned by Tom Trimble on May 8, 1992.

Gracie Byrd testified she was employed at the Best Western Inn in Benton, Arkansas, and went on duty at 11:00 p.m on May 7, 1992. She identified Tom Trimble as the man who rented a room sometime after 12:00 a.m. on May 8, 1992, using the name of Tom Johns and registering a Ford truck licensed in Illinois.

At the trial, Kenneth Thomas Trimble refused to answer any questions about his involvement with appellant in the death of Raymond Jacobs. Trimble asserted his Fifth Amendment privilege against self-incrimination, even though he had been granted use immunity by the prosecution. Consequently, the trial court declared Trimble unavailable and allowed his testimony at appellant's first trial to be read into evidence.

At the first trial Trimble testified he had worked for appellant for two years, driving for him and delivering dogs. He testified he and appellant drove to Benton on May 7, 1992, stayed the night at the Best Western, and went to Raymond Jacobs's house on the morning of May 8, 1992, somewhere between 7:20 a.m. and 8:00 a.m. Trimble testified their purpose in visiting Jacobs was to retrieve the dogs appellant had sold Jacobs on April 29. Trimble testified that he was repairing a box in appellant's truck while appellant and Jacobs went inside Jacobs's barn to get a dog crate and to look at a horse. According to Trimble, appellant exited the barn with blood all over his overalls, shirt, collar, hands and arms and was carrying a paper bag and a dirty raincoat with something in it. Thereafter, Trimble testified, appellant loaded the four dogs from Jacobs's kennels, with three dogs coming from one set of kennels and the fourth dog coming from the other set of kennels. Trimble did not recall seeing Jacobs after appellant exited the barn.

Trimble testified that, during the return trip to Missouri, appellant discussed what had occurred while he was in the barn and explained that Jacobs would not sell the dogs. Trimble testified that he and appellant stopped along the road and disposed of the raincoat, a hammer, a paper bag, and a dirty towel. According to Trimble, they stopped again to purchase new clothing and shoes and to dispose of the clothing and shoes they wore while at Jacobs's barn and kennels. Trimble testified that, upon their return to appellant's home, he followed appellant's instructions to return the dogs to their owners, Jerry Haley, Ray Markus, and Kenneth Davis.

Appellant gave a statement to Saline County law enforcement officers on May 10, 1992, that was read into evidence at trial. In the statement, appellant admitted selling Jacobs the four dogs. He also stated that, in addition to those four dogs, he left another three or four dogs with Jacobs. Appellant also admitted he was at Jacobs's house and barn on the morning of May 8, 1992. Appellant explained that either the dogs or the money from their sale were due back to their owners on May 8, 1992, so he and Trimble drove to Jacobs's kennels to retrieve the dogs. Appellant stated he and Trimble stayed at the Best Western in Benton on the evening of May 7, 1992, and then went to Jacobs's kennels on the following morning. Appellant stated he stayed at Jacobs's place for about an hour and retrieved four dogs from Jacobs's kennels, explaining that three dogs came from the kennels on the left side of the barn and one from the kennels on the right side. Appellant stated he instructed Trimble to return the dogs to their owners, Jerry Haley, Ray Markus, and Kenneth Davis, upon their return to Missouri that same day, May 8. Appellant also admitted to borrowing an air crate from Jacobs that day.

Dr. William Q. Sturner, Chief Medical Examiner, performed the autopsy on the victim. He testified the victim died from trauma and injuries to the skull and brain. He testified the victim had a total of sixty-six injuries, some of which could have been caused by a hammer, others by a pitchfork.

Appellant's argument on appeal is that no murder weapon was found and no physical evidence or witnesses, other than co-defendant Trimble, link him with this crime. Appellant also argues that Trimble's testimony is not credible.

These arguments are wholly without merit. First, although the hammer was not admitted into evidence at this trial, the pitchfork on which the victim was found lying was admitted. Second, the credibility of Trimble's testimony was a matter for the jury to resolve, and the jury was so instructed. The jury was also instructed that if they found Trimble to be an accomplice, his testimony must be corroborated by other evidence tending to connect appellant with the commission of the crime. Third, there is substantial evidence to support the guilty verdict. Appellant admitted to selling Jacobs the four dogs and to later retrieving the dogs from the victim on May 8, 1992. Appellant also admitted that Trimble returned the dogs to their owners on May 8, 1992. Keith Jacobs testified the four dogs were missing from his father's kennels when he found his father's body and that he later found the same four dogs had been returned to their owners in Missouri. Though the foregoing may be circumstantial evidence, it is nonetheless evidence connecting appellant with the murder of Raymond Jacobs and it is well-settled that circumstantial evidence may constitute substantial evidence to support a verdict. *Stephens* v. *State*, 320 Ark. 426, 898 S.W.2d 435 (1995). To be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence, which is a matter for the jury to determine. *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993); *Bennett* v. *State*, 308 Ark. 393, 825 S.W.2d 560 (1992).

Since substantial evidence exists to support the verdict, we find no error in the trial court's denial of appellant's motion for directed verdict and affirm the judgment of conviction. The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and there were no rulings adverse to the appellant which constituted prejudicial error.