Justin PORTER *v.* STATE of Arkansas

CR 03-819                                    145 S.W.3d 376

Supreme Court of Arkansas
Opinion delivered February 5, 2004

*Osmon & Ethredge*, by: *David L. Ethredge*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. ██ Appellant Justin Porter was convicted in the Baxter County Circuit Court of driving

while intoxicated (DWI), third offense, and sentenced to twelve months in the county jail, with all but sixty days suspended. Porter was also placed on supervised probation for one year and ordered to pay a fine and court costs totaling $1,800. He appealed to the Arkansas Court of Appeals, which reversed his conviction for insufficient evidence. *See Porter v. State,* 82 Ark. App. 589, 120 S.W.3d 178 (2003). We granted the State's petition for review of this decision, pursuant to Ark. Sup. Ct. R. 2-4. When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *See Zangerl v. State,* 352 Ark. 278, 100 S.W.3d 695 (2003); *Ilo v. State,* 350 Ark. 138, 85 S.W.3d 542 (2002). We affirm the judgment of conviction.

The record reflects that on May 20, 2001, around 6:30 a.m., Porter was involved in a one-vehicle accident, for which he was charged with DWI. Porter initially pled guilty in the district court in Mountain Home. He then appealed to the Baxter County Circuit Court, where he was tried by the bench. At trial, the prosecutor presented testimony from Trooper Jim Brown, of the Arkansas State Police, and Deborah Williams, director of laboratory services at Baxter Regional Hospital.

Trooper Brown testified that he arrived on the scene as Porter was being attended to by emergency medical technicians. While there, Porter told Brown that he was the only occupant of the vehicle and that the wreck had occurred as he was on his way to work. At that time, Brown smelled a strong odor of intoxicants coming from Porter. Porter was subsequently taken to the hospital, where he was treated for his injuries. While there, around 9:00 a.m., Trooper Brown arranged for blood to be drawn from Porter by a lab technician. The blood was later sent to the Arkansas State Crime Laboratory, where it was determined to show a blood-alcohol content of 0.05%. When asked by the prosecutor whether anything had occurred at the hospital that might have reduced Porter's blood-alcohol content, Brown stated that he believed that Porter had been given fluids during his treatment.

Williams testified that on the date of the accident, blood had been drawn from Porter on a physician's order, at around 7:00 a.m. That sample was later tested at the hospital, where it was determined that the blood-alcohol content was 0.0904%. The hospital's blood test was admitted into evidence without objection.

After the prosecution rested, defense counsel made a motion to dismiss on the ground that the prosecution had failed to prove that Porter was intoxicated at the time of the accident. Counsel argued that Porter's blood–alcohol content was less than the legal limit at the time, 0.10%, even considering the earlier test showing an alcohol content of 0.0904%. The trial court denied the motion, and the defense then rested. Thereafter, the trial court found Porter guilty of DWI.

■ On appeal, Porter argues that the evidence is insufficient to prove that he was intoxicated under the Omnibus DWI Act. Chiefly, he argues that the evidence was insufficient because (1) neither blood test showed a blood–alcohol content of 0.10% or more, and (2) there was no additional evidence, apart from the fact of his wreck, to show that he was intoxicated at the time. He also argues that the trial court erred in admitting into evidence the test performed by the hospital, as he contends that the test was not done in compliance with the procedures set out in Ark. Code Ann. § 5-65-204 (Repl. 1997). This second argument may be summarily disposed of, as it was not preserved below. This court has consistently refused to hear arguments raised for the first time on appeal. *See, e.g., Elser v. State*, 353 Ark. 143, 114 S.W.3d 168 (2003); *Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002); *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002). We turn then to the remaining point on appeal.

■ ■ The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003); *Johnson v. State*, 337 Ark. 196, 987 S.W.2d 694 (1999). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* If material and relevant evidence is not in dispute or there is a conflict in the evidence to the extent that fair-minded persons might draw different conclusions therefrom, the evidence is substantial. *Yacono v. State*, 285 Ark. 130, 685 S.W.2d 500 (1985). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only that evidence tending to support the verdict. *Johnson*, 337 Ark. 196, 987 S.W.2d 694.

■ ·At the time of Porter's accident, Ark. Code Ann. § 5-65-103 (Repl. 1997)[1] provided:

(a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

(b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.

This court has consistently recognized that this statute provides two different ways to prove the offense of DWI: (1) proving a blood-alcohol content greater than the limit provided in subsection (b), or (2) proving intoxication under subsection (a). *See, e.g., State v. Johnson,* 326 Ark. 189, 931 S.W.2d 760 (1996); *Tauber v. State,* 324 Ark. 47, 919 S.W.2d 196 (1996); *Stephens v. State,* 320 Ark. 426, 898 S.W.2d 435 (1995); *Yacono,* 285 Ark. 130, 685 S.W.2d 500.

In the present case, the court of appeals erroneously held: "In order to convict, the State must prove all elements under both subsections of Ark. Code Ann. § 5-65-103." *Porter,* 82 Ark. App. at 594, 120 S.W.3d at 181 (citing *Neble v. State,* 26 Ark. App. 163, 762 S.W.2d 393 (1988)). However, a close examination of *Neble* reveals that the court of appeals misinterpreted that holding. In *Neble,* the appellant was charged under subsection (a) of section 5-65-103. On appeal, he challenged the sufficiency of the evidence to convict him. The *Neble* court held that under subsection (a):

The  state must prove beyond a reasonable doubt every element of the crime charged. Therefore, the state must prove not only that appellant was intoxicated, but also that he operated or was in actual physical control of a motor vehicle while intoxicated.

*Id.* at 166-67, 762 S.W.2d at 395 (citation omitted). Clearly, this

---

[1] Subsection (b) was amended by Act 561 of 2001 to change the blood-alcohol level required for intoxication to .08 grams of alcohol per either 210 liters of breath or 100 milliliters of blood. That amendment was not in effect at the time of this incident.

holding does not support the court of appeals' position in this case that the State is required to prove all elements under *both* subsections of section 5-65-103.

■ ■ In the present case, the State did not present evidence showing that Porter had a blood-alcohol content of 0.10% or greater. As such, there was not substantial evidence to convict Porter under section 5-65-103(b). The question then is whether there was substantial evidence to convict under subsection (a). Viewing the evidence in a light most favorable to the State and considering only that evidence that supports the verdict, we conclude that there is substantial evidence that Porter was intoxicated and that he was operating a vehicle while intoxicated.

"Intoxicated" is defined in Ark. Code Ann. § 5-65-102(1) (Repl. 1997) as meaning:

> influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians[.]

Proof of the motorist's blood-alcohol content is not necessary for a conviction of DWI on the ground of intoxication. *Stephens*, 320 Ark. 426, 898 S.W.2d 435; *Wilson v. State*, 285 Ark. 257, 685 S.W.2d 811 (1985). However, such proof is admissible as evidence tending to prove intoxication. *Id.*; *Yacono*, 285 Ark. 130, 685 S.W.2d 500. In deciding whether there is substantial evidence of intoxication, this court takes notice of the unquestioned laws of nature, mathematics, and physics. *Stephens*, 320 Ark. 426, 898 S.W.2d 435; *Yacono*, 285 Ark. 130, 685 S.W.2d 500. Consistent with this principle, this court has repeatedly observed that blood-alcohol content decreases with the passage of time. *Stephens*, 320 Ark. 426, 898 S.W.2d 435 (citing *State v. Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994); *David v. State*, 286 Ark. 205, 691 S.W.2d 133 (1985); *Elam v. State*, 286 Ark. 174, 690 S.W.2d 352 (1985)).

The evidence in this case demonstrated that Porter was involved in a one-vehicle accident at around 6:30 a.m. Trooper Brown testified that when he spoke with Porter at the scene of the accident, Porter stated that he had been the only occupant of the vehicle at the time. Thus, by Porter's own admission, he was operating or in actual physical control of the vehicle at the time of

the crash. Trooper Brown also testified that Porter had a strong odor of intoxicants on or about his person while the officer spoke with him at the crash site. Shortly thereafter, Porter was transported to the hospital, where blood was drawn pursuant to a physician's orders around 7:00 a.m. The sample was tested at the hospital's lab and revealed a blood-alcohol content of 0.0904%, which is just under the legal limit in effect at the time. It is reasonable to infer from this evidence that Porter's blood-alcohol level at the time of the crash was above 0.0904%. It is likewise reasonable to infer that Porter was intoxicated at the time of the accident, given his blood-alcohol content and the facts that he was in a one-vehicle accident and had a strong odor of intoxicants on or about his person at the time.

■ We disagree with both Porter and the court of appeals that substantial evidence of intoxication requires proof of glassy, watery eyes, slurred speech, or some other physical impairment, beyond the evidence that Porter's driving ability was impaired to the extent that he was involved in a one-vehicle wreck. While we agree that evidence of a one-vehicle wreck, standing alone, is not substantial evidence of intoxication, we conclude that this evidence of driving impairment coupled with the evidence of Porter's blood-alcohol level and the strong odor of intoxicants is substantial evidence of intoxication.

[9, 10] We also disagree with Porter's argument that he was entitled to a presumption that he was not intoxicated, based on the test that showed his blood-alcohol content to be 0.05%. He relies on Ark. Code Ann. § 5-65-206 (Supp. 1999), which, at the time of his accident, provided in pertinent part:

> (a) In any criminal prosecution of a person charged with the offense of driving while intoxicated, the amount of alcohol in the defendant's blood at the time or within four (4) hours of the alleged offense, as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance shall give rise to the following:

> (1) If there was at that time one-twentieth of one percent (0.05%) or less by weight of alcohol in the defendant's blood, urine, breath, or other bodily substance, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

> (2) If there was at the time in excess of one-twentieth of one percent (0.05%) but less than one-tenth of one percent (0.10%) by

weight of alcohol in the defendant's blood, urine, breath or other bodily substance, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but this fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

Porter's argument on this point fails to take into account the blood test that was drawn some thirty minutes after the wreck, which showed a blood-alcohol content of 0.0904%, and Trooper Brown's testimony that Porter had been given fluids prior to the time that the second blood sample was drawn. Variances and discrepancies in the proof go to the weight or credibility of the evidence, and it is for the factfinder to resolve any conflicts and inconsistencies. *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998); *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992). Where, as here, the trial is before the bench, the trial judge sits as factfinder. *See Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000); *Gray v. State*, 311 Ark. 209, 843 S.W.2d 315 (1992). The trial judge in this case obviously resolved the conflicting evidence in favor of the State, and we will not substitute our own resolution for his. Accordingly, we affirm the circuit court's judgment of conviction, and we reverse the decision of the court of appeals.

THORNTON, J., dissents.

HANNAH, J., not participating.

RAY THORNTON, Justice, dissenting. Because I believe that the odor of intoxicants following a single-car accident considered together with a blood-alcohol level below the legal limit is not sufficient to support a conviction of DWI, Third Offense, I respectfully dissent.

In reviewing a criminal case challenged for want of sufficient evidence, this court will not reweigh evidence, but rather determines whether the evidence at trial was substantial enough to support the conviction, or whether the evidence was forceful enough to compel reasonable minds to reach a conclusion one way or the other *without resort to speculation or conjecture*. *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002) (emphasis added). We only consider evidence in a light favorable to the appellee and only evidence that supports the conviction. *Id.*

Mr. Porter was convicted under Ark. Code Ann. § 5-65-103 (Supp. 1999), which provides the State with two alternate methods of proving the offense of driving while intoxicated. At

the time of the offense, Ark. Code Ann. § 5-65-103(b) made it illegal for someone to operate a motor vehicle if a blood-alcohol test showed one-tenth of one percent (0.10%) or greater alcohol by weight in the bloodstream.[1] Mr. Porter did not show 0.10% or greater alcohol by weight in his bloodstream. The blood-alcohol test administered by the hospital thirty minutes after the one-vehicle wreck showed 0.0904% alcohol by weight in Mr. Porter's bloodstream.

The second method is to prove that the operator of a motor vehicle was intoxicated under Ark. Code Ann. § 5-65-103(a). The State may use the results of a blood-alcohol test between 0.05% but less than 0.10% as evidence of intoxication to be evaluated with all other evidence at trial. Ark. Code Ann. § 5-65-206 (Supp. 1999). The other evidence used to convict Mr. Porter was that he was involved in a one-vehicle wreck and that Trooper Brown smelled intoxicants on Mr. Porter. The majority assumes that the one-vehicle wreck as Mr. Porter was driving to work at 6:30 a.m. was evidence of intoxication. Here, there was no evidence as to possible causes of the accident. Did a tire blow out? Did the brakes fail? Did the steering tie rods break? Did the driver fall asleep? We do not know the answer to these questions because no evidence was introduced as to the cause of the accident. To infer that intoxication was the cause is purely speculation. Moreover, the majority acknowledges that a one-vehicle wreck is not sufficient evidence on its own to support the conviction. Viewing evidence in a light most favorable to the State does not mean that we should engage in speculation or add evidence that was not presented at trial. There was no evidence as to the cause of this wreck, and it is pure conjecture to consider the one-vehicle accident as showing intoxication of Mr. Porter.

Trooper Brown testified that he smelled a strong odor of intoxicants on Mr. Porter. I do not believe the smell of intoxicants alone should be enough to support a criminal conviction, though it was sufficient to justify a request for a blood-alcohol test. A spilled beer on the clothing he had worn the previous evening might have presented a strong odor. Of course, it is entirely proper to consider evidence offered by an investigating officer to support a charge of intoxication. In *State v. Johnson*, 326 Ark. 189, 964 S.W.2d 760 (1996), we held that testimony from two law enforce-

---

[1] Ark. Code Ann. § 5-65-103 has since lowered the threshold of intoxication to 0.08 grams of alcohol per 100 milliliters of blood in a blood-alcohol test.

ment officers that the appellant appeared and acted intoxicated, had glassy or bloodshot eyes, slurred speech, and smelled of intoxicants was sufficient. *Id.* Here, Trooper Brown never testified that Mr. Porter appeared to be intoxicated. There was no evidence that he had glassy and bloodshot eyes, slurred speech, or failed any field sobriety tests because there is no showing that such criteria were considered. In *Johnson, supra,* the defendant refused to cooperate with the law enforcement officers when they attempted to administer field-sobriety tests. Trooper Brown did not attempt any field-sobriety tests in this case. The smell of alcohol by itself was not enough to prove that Mr. Porter was legally intoxicated.

In summary, there was a one-vehicle wreck with no evidence as to the cause of this wreck. There was a showing that Mr. Porter remained below the legal blood-alcohol limit thirty minutes after the wreck. There was also a showing that Mr. Porter had the odor of intoxicants about him. It requires more than viewing the evidence in a light most favorable to the State to conclude that such evidence is sufficient to uphold a conviction for DWI, Third Offense.

For the foregoing reasons, I respectfully dissent.