Armando **MEDRANO** and Elda
Medrano, Appellants,

v.

Sam **REYES** and Hanna, Bentley
& Hanna, P.C., Appellees.

No. 11–94–124–CV.

Court of Appeals of Texas,
Eastland.

June 22, 1995.

———

Michael McLeaish, Odessa, for appellants.

Stephen H. Suttle, Frank R. Stamey, McMahon, Surovik, Suttle, Buhrmann, Cobb & Hicks, Abilene, for appellees.

McCLOUD, Chief Justice (Retired).

The principal question in this legal malpractice case is whether the attorney gave the client proper notice that the attorney was withdrawing and would no longer be representing the client. Armando and Elda Medrano (Medranos) sued Sam Reyes, an attorney, and Reyes' law firm, Hanna, Bentley & Hanna, a professional corporation (Hanna Firm), contending that the Hanna Firm failed to timely file suit on their behalf for the wrongful death of their son. The trial court granted the Hanna Firm a summary judgment. The Medranos appeal. We affirm.

On October 30, 1987, the Medranos' son, Armando Medrano, Jr., died as a result of an on-the-job oil field injury. Shortly thereafter, the Medranos employed the Hanna Firm to represent them in their claims arising from the death of their son. Zoila Medrano, the alleged common-law wife of Armando Medrano, Jr., also employed the Hanna Firm to represent her. The Medranos did not acknowledge that Zoila Medrano was their son's wife. After further investigation, the Hanna Firm determined that it should withdraw from representing the Medranos because of conflicts.[1] The Hanna Firm did not

---

1. TEX.DISCIPLINARY R.PROF.CONDUCT 1.06 (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1995) (STATE BAR RULES art. X, § 9), provides in part:

   (b)[A] Lawyer *shall* not represent a person if the representation of that person:

(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
(2) reasonably appears to be or become adversely limited by the lawyer's or law firm's

file any lawsuits on behalf of the Medranos. The law firm continued to represent Zoila Medrano and the child of Zoila and Armando Medrano, Jr., in a workers' compensation claim and a third-party claim.

■ The Hanna Firm has the burden of showing that there is no genuine issue of material fact and that the law firm is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985).

Sheila Ortiz, an employee of the Hanna Firm, stated in her affidavit that, on January 13, 1988, she mailed two letters to the Medranos. One letter was written in English, and the other letter was a Spanish translation. The letters were sent to the Medranos by certified mail, return receipt requested. The receipt was returned showing that the letters were received on January 15, 1988, and the receipt showed to be signed by "Armando Medrano." Armando Medrano testified that the signature on the return receipt was not his signature. The January 13 letter to the Medranos clearly detailed the reasons why the Hanna Firm would no longer represent the Medranos. The letter stated that the Hanna Firm was withdrawing from representing the Medranos in both the "worker's compensation" and the "third party negligence" claims. The letters advised the Medranos:

> We further respectfully suggest that you select some attorney that is familiar with and competent in handling both worker's compensation and negligence claims.

Within a week after the January 13 letters were mailed, the Medranos employed Edward T. Garza, an attorney, to represent them. Garza testified by deposition that he represented the Medranos only in the workers' compensation claim. The Medranos also sued Garza in this cause alleging that Garza failed to advise them of any third-party claims they might have or of the danger of the running of the statute of limitations.

responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

(e) If a lawyer has accepted representation in violation of this Rule, or if multiple representation properly accepted becomes improper un-

The Medranos settled their suit against Garza, and he was dismissed.

Armando Medrano acknowledged receiving a letter from the Hanna Firm informing the Medranos that the law firm was withdrawing as counsel for the Medranos. Armando Medrano testified by deposition as follows:

Q: Do you recall that Mr. Hanna's law firm withdrew from representing you?

A: Yes. Yes, he wrote me a letter when he was not going to take my case anymore, that he couldn't help me.

\* \* \* \* \* \*

Q: Did you receive more than one letter from Mr. Hanna when he withdrew form representing you?

A: No, only one letter I received. He only sent me one where he told me that he could not—he would not handle my case.

\* \* \* \* \* \*

Q: Did you speak with Mr. Garza shortly after you received the letter from Mr. Hanna?

A: Yes, I spoke with him because he took my case.

\* \* \* \* \* \*

Q: Did you go to see Mr. Garza because you knew that Mr. Hanna had withdrawn?

A: Yes, sir. Yes, sir.

Armando and Elda Medrano signed affidavits stating that they "believed" that the Hanna Firm was representing them from November 30, 1987, until May 1991 concerning the death of their son. They swore that they never received a letter from the Hanna Firm informing them that the firm no longer represented them on "the third party case."

TEX. DISCIPLINARY R.PROF. CONDUCT 1.15 (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1995) (STATE BAR RULES art. X, § 9), provides:

der this Rule, the lawyer *shall promptly withdraw* from one or more representations to the extent necessary for any remaining representation not to be in violation of these Rules. (Emphasis added)

(a) A lawyer shall decline to represent a client or, where representation has commenced, shall withdraw ... from the representation of a client, if:

(1) the representation will result in violation of Rule 3.08, other applicable rules of professional conduct or other law.

\* \* \* \* \* \*

(d) Upon termination of representation, *a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel,* surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. (Emphasis added)

█ The record conclusively establishes that the Medranos received a letter from the Hanna Firm informing them that the firm was withdrawing and would no longer be representing them in connection with the death of their son. The Medranos received the letter in January of 1988. As a result of the letter from the Hanna Firm, the Medranos employed Garza who took their "case." Armando Medrano admitted that he knew the Hanna Firm "had withdrawn." Armando Medrano further testified that, after "we got the letter saying that they couldn't represent us, we didn't bother them anymore."

The Hanna Firm notified the Medranos by letter that the firm would no longer represent them approximately 21 months before the two-year statute of limitations ran on the third-party claim arising from the death of their son. The receipt returned to the law firm showed that the letter was received by "Armando Medrano." The Medranos employed new counsel as suggested by the Hanna Firm. We hold that the summary judgment proof conclusively establishes that the Hanna Firm took reasonably practicable steps to protect the Medranos' interests. Material questions of fact were not raised by the Medranos' affidavits stating that they "believed" the firm still represented them and that they did not receive a letter from the Hanna Firm stating that the firm no longer represented them on "the third party case." The summary judgment proof shows that the Hanna Firm timely notified the Medranos, that the Medranos understood that the law firm was withdrawing from representing them, and that the Medranos knew the law firm "could not" and "would not" handle their case.

The Hanna Firm should not be held liable for failing to file an action on behalf of the Medranos before the expiration of the statute of limitations where the firm properly and timely withdrew and where there was sufficient time for the employment of other counsel before the two-year expiration period. See *Harvey v. Mackay,* 109 Ill.App.3d 582, 65 Ill.Dec. 167, 171, 440 N.E.2d 1022, 1026 (1992); *Steketee v. Lintz, Williams & Rothberg,* 38 Cal.3d 46, 210 Cal.Rptr. 781, 694 P.2d 1153 (1985).

The judgment of the trial court is affirmed.

McCLOUD, C.J., Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

WRIGHT, J., not participating.