**Carol WHITSETT, Appellant,**

v.

**William E. JUNELL, Jr., et al., Appellee.**

**No. 14–96–00464–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1998.

John E. Wright, Huntsville, for appellant.

Murray Fogler, Tom A. Dickens, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

**OPINION ON REHEARING**

ANDERSON, Justice.

Appellees, William E. Junell and the firm of Andrews & Kurth L.L.P., raise five points in their motion for rehearing challenging our disposition of Whitsett's appeal from the summary judgment granted in favor of appellees by the trial court. We overrule the motion for rehearing, but nevertheless issue an opinion on rehearing to address our application of *Mackie v. McKenzie* to appellees' motion for summary judgment.

In *Mackie v. McKenzie*, 900 S.W.2d 445 (Tex.App.—Texarkana 1995, writ denied), Ms. Mackie engaged Mr. McKenzie, an attorney, to represent her in a suit contesting the probate of her uncle's will based on undue influence of third parties. The suit was filed, but later Mackie dismissed McKenzie as her attorney and hired substitute counsel. The underlying probate action was settled, and Mackie and her children filed suit against McKenzie and his firm, McKenzie & Baer, and an associate, Jay Wallace, alleging negligence and false, misleading, and deceptive acts. *Id.* at 448. The trial court granted the defendants' motion for summary judgment. *Id.*

McKenzie and Wallace had sought summary judgment on the ground that any legal malpractice was not a proximate cause of Mackie's damages as a matter of law. On appeal, the Texarkana court, citing *Cosgrove*

*v. Grimes,* 774 S.W.2d 662, 664–665 (Tex. 1989), noted that an attorney malpractice action in Texas is based on negligence and requires proof of four well-known elements: a duty, breach of that duty, that the breach proximately caused the plaintiff injury, and that damages occurred. It is also well known that a defendant moving for summary judgment must establish as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). Thus, if the movant for summary judgment in a legal malpractice action establishes that, as a matter of law, the causation element is missing, the judgment will be upheld. *Mackie,* 900 S.W.2d at 449.

The thrust of the McKenzie motion for summary judgment was that no act or omission by the firm caused any damages to the plaintiffs. *Id.* at 452. Moreover, the firm asserted in its motion for summary judgment and in its reply to the plaintiffs' response to the motion for summary judgment *that the malpractice claims must fail because there was no proximate cause and supported this assertion with summary judgment proof. Id.* (emphasis added). Thus, the *Mackie* Court affirmed the summary judgment for the defendants because their summary judgment motion established as a matter of law that, regardless of the attorneys' conduct, the causation element linking the attorneys' actions to the plaintiffs' damages was missing. *Id.* We agree with the reasoning in the *Mackie* opinion.

In the case at bar, appellees submitted a summary judgment motion that stated the following on the first page under the heading "Summary of Argument": "Because the attorney-client relationship was terminated at that time, neither Junell nor A & K can be held liable for legal malpractice." The affidavit of Junell attached to that motion does not go as far and states that he was not Whitsett's attorney at the time of the trial against Mr. Dardas in federal court in December 1991. Appellees failed to submit as grounds for summary judgment that their conduct did not cause Whitsett's damages, and failed to provide summary judgment

proof to that effect. Appellees simply did not address the proximate cause element of Whitsett's malpractice claim. Clearly, the thrust of appellees' motion and attached summary judgment proof is that the fact of withdrawal by appellees, standing alone, totally insulates counsel from liability when the case proceeds to trial under the representation of another attorney and is ultimately lost allegedly due to deficiencies occurring prior to withdrawal.

We held in our original opinion that appellees' summary judgment motion failed to establish as a matter of law that the causation element linking appellees' actions to Whitsett's damages was missing. *See Mackie,* 900 S.W.2d at 452. We adhere to that opinion now. Applying the well known standards of review applicable to appeals from adverse summary judgments, we can reach no other conclusion.

The holding in *Mackie* is a vital element in our analysis of this appeal. On rehearing, appellees have neither addressed that case nor demonstrated any error in our reliance on the analysis in that case. Accordingly, we adhere to our original decision sustaining Whitsett's first point of error, reversing the summary judgment of the trial court in favor of appellees, and remanding Whitsett's claims against appellees for trial.

AMIDEI, Justice, dissenting.

I respectfully dissent. I do not agree with the majority's analysis and application of *Mackie v. McKenzie,* 900 S.W.2d 445 (Tex. App.—Texarkana 1995, writ denied)to this case, as follows:

Appellees failed to submit as grounds for summary judgment that their conduct did not cause Whitsett's damages, and failed to provide summary judgment proof to that effect.

*Op. on reh'g,* p. 759.

Appellees alleged and argued in their Motion for Summary Judgment that the substitution of new counsel for Whitsett broke any causal connection between Junell and A &

K.[1] The summary judgment proof was that the agreement between Whitsett, Junell, and A & K, severed their attorney-client relationship with Whitsett prior to her case being tried in federal court, and Junell and A & K cooperated with the new attorney or attorneys. Neither Junell nor A & K represented Whitsett in any capacity since the federal court order dated February 26, 1991, substituted Robert B. Hinton as Whitsett's attorney of record. Whitsett obtained another attorney, and he was not hampered in his representation by anything Junell or A & K did; therefore, neither Junell nor A & K caused any harm to Whitsett. *See Blake v. Lewis*, 886 S.W.2d 404, 408 (Tex.App.—Houston [1 Dist.] 1994). Whitsett's allegations against Junell and A & K that they failed to plead all of her claims against Dardas, conduct discovery, or advise and confer with her, are not valid regardless of the attorneys' conduct because the causation element linking the attorneys' actions to Whitsetts alleged damage is missing. *Mackie*, 900 S.W.2d at 452. Further since Whitsett was a nonmovant who did not respond to the summary judgment motion she could have contended on appeal that the grounds expressly presented by the motion are insufficient as a matter of law to support the summary judgment, *but she could not raise any other issues as grounds for reversal.* Rule 166a(c) Tex.R. Civ. P., in pertinent part, provides: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) (any issue not presented in the response cannot be later

raised on appeal); *Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 27 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Blake*, 886 S.W.2d at 406; and 3 McDonald Tex. Civ. Prac. § 18:14 (1992)("Formal issues framed in the pleadings are not controlling when the extrinsic evidence demonstrates the absence of any true issue. Hence, the sound rule is that a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, and they must be bolstered by counteraffidavits or other evidence"). "And since appellees' motion for summary judgment proof is legally sufficient as a matter of law," *Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 158 (Tex.App. Houston [1st Dist.] 1995, writ denied); *Blake*, 886 S.W.2d at 406, appellant cannot raise on appeal any issue that the allegations in her petition claiming damages for negligence and legal malpractice, breach of fiduciary duty, DTPA violations were not pled by appellees, and that appellees failed to conduct discovery or advise and confer with her.

Therefore, any specific instances of deficient representation presented in appellant's petition are waived and it was not necessary for appellees' motion for summary judgment to address such matters, contrary to the majority's initial opinion herein. Also, contrary to the majority opinion, I would hold that appellees' defense of withdrawal is in itself sufficient to justify summary judgment.

The *Blake* case held that the withdrawal of a lawyer breaks the chain of causation be-

---

**1.** In appellees' Motion for Summary Judgment, Paragraph I, entitled "Summary of Argument," they alleged as their grounds that they withdrew from representation of Whitsett, with her full knowledge and consent, long before her case was tried to a conclusion and appealed. Because the attorney-client relationship was terminated at that time, neither appellee can be held liable for legal malpractice; *See Blake v. Lewis*, 886 S.W.2d 404 (Tex.App.—Houston [1st Dist.] 1994, no writ); and *Medrano v. Reyes*, 902 S.W.2d 176 (Tex.App.—Eastland 1995, no writ). Thereafter, in Paragraph IV, entitled "Argument and Authorities," appellees discussed these two cases and, inter alia, stated, "Just as in the *Blake* case, the substitution of new counsel for Whitsett broke

any causal connection between Junell and A & K, on the one hand and the adverse ultimate judgment rendered against Whitsett on the other; and further regarding the application of the *Medrano* case, there was no dispute, as in that case, that Whitsett was properly notified after appellees withdrew, Whitsett employed Hinton and later Dickerson. Under these circumstances, there can be no causal connection between the conduct of Junell and A & K and the results of the .1991 trial and Whitsett has not and cannot show any malpractice against Junell or A & K." These allegations are sufficiently specific and support a motion for summary judgment regarding the lack of causation. Rule 166a(c). Tex.R. Civ. P.

tween that lawyer and the client's adverse judgment in that case, and stated:

> If a competent attorney agreed to represent Blake, and he was not hampered in his representation by anything the firm did, or did not do, then the firm did not cause the harm suffered by Blake.

*Blake,* 886 S.W.2d at 408.

This case is similar enough to the *Blake* case to hold the *Blake* case is controlling in this case. *Medrano v. Reyes,* 902 S.W.2d 176 (Tex.App.—Eastland 1995, no writ) also applies in support of appellees' position.

I also disagree with the majority's conclusion in the opinion on rehearing stating:

> The affidavit of Junell attached to that motion does not go as far and states that he was not Whitsett's attorney at the time of the trial against Mr. Dardas in federal court in December 1991.

*Op. on reh'g,* p. 759.

The majority was referring to a quote from the *Mackie* case that stated " ... the causation element linking the attorneys' actions to the plaintiffs' was missing". I believe there are sufficient facts alleged in appellees' motion for summary judgment and stated in Junell's affidavit to prove the withdrawal of appellees broke the causation link between their actions and any damage to appellant. Paragraph I of appellees' motion for summary judgment alleges as follows:

> This is an alleged legal malpractice case. The alleged malpractice arises out of the handling of litigation on behalf of the plaintiff Carol Whitsett. Junell is entitled to judgment as a matter of law because Junell and A & K withdrew from representation of Whitsett, with her full knowledge and consent, long before her case was tried to a conclusion and appealed. *Because the attorney-client relationship was terminated at that time, neither Junell nor A & K can be held liable for legal malpractice* " (emphasis added).

Junell's affidavit does state the attorney-client relationship ended long before Whitsett's trial in federal court, to-wit:

> When I joined the law firm of A & K in 1988, I continued to represent Whitsett in connection with her claims against Dardas.

Prior to June 11, 1990, Whitsett initially asked me if A & K would handle her case on a contingent fee. When A & K declined, she expressed to me a desire to employ an attorney who would handle the federal case on a contingent fee basis. Whitsett began searching for substitute counsel. Prior to June 11, 1990, Whitsett informed me that she had found an attorney who would handle the Dardas case on a contingent fee basis. On June 11, 1990, I delivered the file to her representative. On January 28, 1991, Whitsett filed a Motion to Substitute Counsel to substitute Robert N. Hinton in place of me and A & K as her attorneys in the federal court case against Dardas. A true copy of the Motion to Substitute Counsel is attached as Exhibit A. *By Order dated February 26, 1991, Judge Lynn Hughes ordered that Robert N. Hinton be substituted as attorney of record for plaintiff Carol Whitsett and that William E. Junell be withdrawn.* A true copy of the Order is attached as Exhibit B. Later, Hinton was replaced by Mr. Tom A. Dickens as Whitsett's attorney. *Mr. Dickens participated in the trial of the federal court case* " (emphasis added).

Junell's affidavit, together with the admissions on file prove the facts alleged in paragraph III, appellees' motion for summary judgment, are not disputed and show that both of the majority's conclusions are not well taken.

Further the summary judgment should be affirmed on the ground that Whitsett had a trial on all issues on her claim and lost. Her defeat as shown in the findings of fact, conclusions of law, and judgment of the federal court, is discussed in my first Dissent herein. *Mackie,* 900 S.W.2d at 448 (when a client sues his attorney on the ground that the latter caused him to lose his cause of action, the burden of proof is on the client to prove that his suit would have been successful but for the negligence of his attorney, and to show what amount would have been collectible had he recovered the judgment). Whitsett cannot prove either she would have been successful or that she could have collected anything.

Whitsett was represented by Mr. Tom A. Dickens during the trial of her case in federal court. The trial was duly set with Whitsett being present to testify. There is a copy of the proceedings taken and transcript produced in the federal court, including the findings of Judge Lynn N. Hughes contained in the transcript in this case. These documents are attached as Exhibit B to the affidavit of Tom A. Dickens in support of his motion for summary judgment which was granted December 8, 1995. I would take judicial notice of such court papers. TEX.R. CIV. EVID. 201(b)(2). A court of appeals has the power to take judicial notice for the first time on appeal. *Office of Public Utility Counsel v. Public Utility Commission,* 878 S.W.2d 598, 600 (Tex.1994).

I would grant the appellees' motion for rehearing and affirm the judgment of the trial court.

